Cantey, Hanger, McMahon, McKnight & Johnson and J. A. Gooch, all of Fort Worth, for appellant.

Weeks, Hankerson & Potter and Chas. F. Potter, all of Tyler, for appellee.

### RYAN v. TEXAS–CANADIAN OIL CORPORATION, Limited.

#### No. 5692.

Court of Civil Appeals of Texas. Texarkana.

Nov. 14, 1940.

WILLIAMS, Justice.

Appellant, John C. Ryan, defendant below, asserts that the trial court erred in overruling his plea of privilege to be sued in the county of his residence, namely, Tarrant County, where the promissory note sued on, the basis of the suit, shows it to have been made payable to the Texas-Canadian Development Company instead of to the plaintiff, Texas-Canadian Oil Corp'n, Limited, appellee herein.

Proof was made that defendant executed the note sued upon. The note, which was introduced in evidence, is payable to the order of Texas-Canadian Development Company. It is made payable at Tyler, Texas, in the county where this suit was filed. The endorsement on its back, which also was introduced in evidence, reads: "Dec. 31, 1937. Pay to the order of the Texas Canadian Oil Corp., Limited. (signed) Texas Canadian Development Co., Inc., by W. A. Merryman, Sec.-Treasurer." The note was in the possession of and then being exhibited by plaintiff through its president who testified. We need not consider the provisions of Article 5935, Sec. 59. As stated in Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810, 811: "The ownership of the note * * * are matters which go only to the merits of the action. An inquiry into those matters has no proper place in determining the question of venue." See, also, Vitopil v. Gray, Tex.Civ.App., 111 S.W.2d 1202. Under sub. 5 of Article

1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 5, this suit is maintainable in Smith County.

■ The action of the court in overruling defendant's plea of privilege to be sued in Tarrant County, entered in 1939, is sustained.

The judgment is affirmed.