## FOSTER v. AIRCRAFT INV. CORPORATION.
### No. 14983.

Court of Civil Appeals of Texas.
Fort Worth.
Nov. 5, 1948.

Weatherly & Weatherly and Gerald Weatherly, all of Alice, for appellant.

Oliver W. Fannin, of Fort Worth, for appellee.

SPEER, Justice.

Plaintiff, Aircraft Investment Corporation, sued defendants, Lynn Foster and Yvonne C. Foster, residents of Brooks County, Texas, in a district court of Tarrant County, Texas, to recover $2983.97, as the balance of principal, interest and attorney's fees due on a promissory note payable to plaintiff at Fort Worth, Tarrant County, Texas, and executed by defendants. Except when necessary to refer to both defendants, we shall call Lynn Foster the defendant in this opinion.

Defendant timely filed his original plea of privilege. In due time plaintiff filed a controverting affidavit, in which it alleged

substantially all material allegations in its petition and then made the petition a part thereof by appropriate references. Plaintiff specifically plead and relied upon exception 5 to Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 5, for venue in the case.

Defendant thereafter filed an amended plea of privilege which is in the record before us. It contains all that is required by Rule 86, Texas Rules of Civil Procedure, and further alleged that the note sued on was for a part of the purchase price of an airplane; that defendant was at the time of the sale to him of the airplane and at all times since has been a minor; that he has never had his disabilities as a minor removed; that said airplane was not a "necessary" for him; that he had disaffirmed the sale and by the plea did disaffirm same and the note and all obligations thereof. He further asserted that he had advised plaintiff of his minority and that if plaintiff sued on the note he would resist venue, liability and payment of money claims on the ground of minority. He further alleged that plaintiff had knowledge of all said alleged facts, and with such knowledge, "plaintiff fraudulently declared upon said note, in its petition and controverting plea herein, as against this defendant, in order to give the court's of Tarrant County jurisdiction over the person of this defendant, and that venue was thus fraudulently laid in Tarrant County in this suit as against this defendant."

A hearing was had by the court; judgment was entered overruling the plea of privilege and defendant has appealed. He relies upon a single point of error, which reads: "The court erred in overruling appellant's amended plea of privilege."

The evidence before the court in substance was: The introduction in evidence of the note sued on; it provided for the terms and conditions pleaded by plaintiff, was executed by the two defendants; it provided that failure to pay an installment matured all unpaid installments, for interest after maturity and for attorney's fees. There was a stipulation of the parties that there were installments past due and unpaid when the suit was filed. The defendant testified at the hearing and said in substance that he was at the time of trial 20 years old, married and separated from his wife; lived in Brooks County, Texas, and had never lived in Tarrant County, Texas; he had been advised not to pay the note sued on and he did not intend to do so; he and his brother had formed a partnership to go into business as "Clipper Cab Air Service" but never got started because the plane was destroyed before they could get a permit from "C. A. A." He and his brother purchased the "Bellanca 14-13 Landplane" and gave their note for part payment and had paid two installments thereon; at the time of trial he and his brother were running "The Clipper Cab Company," a taxicab business; he and his brother had filed a suit in a Federal District Court against an insurance company growing out of an insurance policy on the plane; that plaintiff had asserted an interest as mortgagee in the plane and for that reason he had made it a party to the suit on the insurance policy; the suit was still pending in the Federal Court at the time of this trial; plaintiff's mortgage on the plane is not for as great an amount as he had sued the insurance company for; that if he had gotten a permit for the use of the plane he intended to use it in the business of the proposed partnership; at the time of trial defendant owned a private plane.

A copy of defendant's petition in the Federal Court against the insurance company was in evidence. It disclosed that Lynn Foster and Yvonne C. Foster, each in his own name and right without the aid of next friend or other representative for this defendant, sued the insurance company for $4700 on a policy of insurance alleged to cover the plane for which the note in the instant controversy was given, and alleged ownership of the plane at the time it was destroyed and that the plaintiff in this case was at the time of its loss a mortgagee of the plane; that said plaintiff asserted an interest as such mortgagee and was therefore made a party defendant.

There were letters between counsel for plaintiff and defendant's counsel in evidence. Plaintiff had received citation and a copy of the petition in the Federal Court case and had asked for payment of its.

note; stating that unless payment was made plaintiff would file suit at once. Defendant's counsel replied in effect that his client was a minor and if plaintiff sued on the note he would plead his minority as a defense in venue and as against a money demand. The foregoing is the substance of the evidence upon which the court overruled the plea of privilege.

It is the universally accepted rule in this state that only venue facts, raised by the petition, plea of privilege and controverting affidavit, are to be considered at the hearing on the plea of privilege. When an action is brought on an obligation in the county in which defendant had agreed in writing to perform, although he resides in another county, defendant cannot defeat venue under an allegation and proof of minority and disaffirmance of the written instrument on that ground. That is a defense to the merits of the case. Melton v. Katzenstein, Tex.Civ.App., 49 S.W. 173. It is analogous to a plea of coverture in a venue case; Bradley v. Trinity State Bank, 118 Tex. 274, 14 S.W.2d 810, and an allegation in such a plea that plaintiff is not the owner of the obligation sued on. Vitopil v. Gray, Tex.Civ.App., 111 S.W.2d 1202.

Narrowed down, the only question before us is simply this: Did plaintiff file this suit with knowledge that this defendant was a minor and would disaffirm his written contract for the fraudulent purpose of obtaining venue of the case in Tarrant County? The judgment of the trial court in effect was to answer that question "no." Defendant contends that the court was wrong.

It must be conceded that if the plaintiff files a suit in a county other than the defendant's residence for the fraudulent purpose of obtaining venue when he has knowledge of the facts that will defeat a recovery, venue can be defeated if claimed by the defendant. The rule was negatively recognized in Melton v. Katzenstein, Tex.Civ.App., 49 S.W. 173, in which case it was held that a plea of minority incorporated in the plea of privilege was only a defense to the merits of a suit on a note and was of no avail in a plea of privilege, "unless it was averred and proven that the plaintiffs fraudulently asserted a cause of action upon the note, in order to obtain jurisdiction over the person of the defendant."

In Payne v. Coleman, Tex.Civ App., 232 S.W. 537, the principle relied upon by defendant here was invoked and upheld. That opinion reveals that plaintiff filed his suit in Hale County against Payne as agent of all railroad companies while they were under government control; that plaintiff knew the railway line which extended into Hale County had never received the shipment for which he sued; plaintiff admitted he knew the shipment had been confiscated by a sheriff while it was in the possession of a railway company whose line did not extend into Hale County. Unlike the facts in the last cited case, the plaintiff here knew it held the note executed by the two defendants, past due, payable in Tarrant County, and therefore knew it could file a bona fide action in Tarrant County on the note. Plaintiff also knew that defendant's counsel had said that if it did file suit defendant would claim his minority in defense of both venue and a demand for money payment. We may rightfully assume that plaintiff also knew that a plea of minority, like coverture, venue and limitation, was a matter that could be waived by defendant and that such a plea or waiver thereof depended largely upon the conscience of a defendant and surrounding circumstances when sued upon a bona fide obligation.

The allegation of defendant that plaintiff fraudulently filed this suit in Tarrant County with knowledge that defendant was a minor and would plead it in defense of venue and a money demand involved facts of the "purpose" and intentions of plaintiff in filing its suit on the note.

No findings of fact and conclusions of law were requested and none were filed, nor were there any fact findings included in the short-form judgment entered. The undisputed facts in evidence show that plaintiff's suit is on a note executed by defendants payable in Tarrant County. In the absence of a "fraudulent purpose" on its part, clearly venue would be sustained

under exception 5 to Article 1995, R.C.S. There was evidence that defendants had a suit pending for insurance covering the plane for which the note was given. These defendants claimed ownership of the plane and recognized this plaintiff as a mortgagee; (supposedly securing the note). The insurance policy sued on -was for a greater amount than the debt claimed by plaintiff and secured by the mortgage. It was obviously to the advantage of this defendant to recover in the insurance case rather than to defeat his own liability on plaintiff's claim and leave the whole liability on his partner brother. Moreover, this defendant is prosecuting the insurance case, in so far as he is concerned, in his own name without benefit·of a next friend or· other representative, because of his minority. Then too, it would remain optional with him, until called upon·to answer the suit on its merits, whether or not under the circumstances he would finally determine to plead his minority, even though his attorney had said he would do so. Under such circumstances plaintiff could have and apparently did conclude that this defendant would not eventually try to defeat his liability on the note on the grounds of his minority. Knowing the facts as did plaintiff it might well have honestly believed that defendant would not hazard his chance to recover the larger sum in his insurance case wherein he had claimed to own the destroyed plane, by a repudiation of its purchase from plaintiff by reason of his minority. By the same token the trial court could have and by his judgment did effectively find that plaintiff did not fraudulently seek to lay venue in Tarrant County by filing this suit in Tarrant County, as it did, under the circumstances revealed by the testimony.

■ It is a well recognized rule of law in this state that when a case is tried to the court and no fact findings are filed, all facts having support in the evidence will be presumed to have been found by the court in support of the judgment. State v. Balli, Tex.Civ.App., 173 S.W.2d 522, affirmed by Supreme Court in 144 Tex. 195, 190 S.W.2d 71; Rolison v. Puckett, Tex. Sup., 198 S.W.2d 74. Our Courts of Civil Appeals have often announced the same rule; this court in a venue case followed the announced rule. Cogdell v. Martin, Tex.Civ.App., 176 S.W.2d 982.

Under the applicable law, we think no error is shown by the judgment overruling the plea of privilege and it will be affirmed.