SOUTHWESTERN INVESTMENT COMPANY V. EDWARD C. ALLEN.

No. A-7269. Decided November 18, 1959.
(328 S.W. 2d Series 866)

*Clayton & Harris* and *Cleo G. Clayton, Jr.,* of Amarillo, for petitioner.

The trial court erred in sustaining appellant's Plea of Privilege because there is no evidence to support the same, and the Court of Civil Appeals erred in affirming said ruling. Stockyards National Bank v. Maples, 127 Texas 633, 95 S.W. 2d 1300;

Petroleum Producers Co. v. Steffens, 139 Texas 257, 162 S.W. 2d 698; Compton v. Elliott, 126 Texas 232, 88 S.W. 2d 91.

*Stone* and *Stone* and *Ben H. Stone, Jr.,* of Amarillo, for respondents.

In reply to petitioners point cited Pacific Fire Insurance Co. v. Donald, 148 Texas 277, 224 S.W. 2d 204; Texas Power & Light Co. v. Doering Hotel Co., 139 Texas 351, 162 S.W. 2d 938; Renfro Drug Co. v. Lewis, 148 Texas 434, 225 S.W. 2d 958.

MR. JUSTICE NORVELL delivered the opinion of the Court.

This is an exception 5 venue case. The exception reads as follows:

"If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile." Article 1995, section 5, Vernon's Ann. Texas Stats.

Petitioner, Southwestern Investment Company, brought suit for an alleged unpaid balance due upon a promissory note executed by respondent, Edward C. Allen, and payable to Kemp Motor Company. This note was payable "at the office of Southwestern Investment Company in Amarillo, Potter County, Texas," and had been assigned by Kemp to petitioner.

The respondent Allen filed a plea of privilege to be sued in El Paso County where he resided. The trial court overruled petitioner's contention that it was entitled to maintain venue in Potter County under Article 1995, sec. 5, and sustained the respondent's plea of privilege. The Court of Civil Appeals affirmed. 322 S.W. 2d 324.

1 It is apparent from a reading of the Court of Civil Appeals' opinion that the Court considered the issue of payment as being a "venue fact." In this particular, the holding of the lower appellate court conflicted with a number of decisions by this Court and other Courts of Civil Appeals. In Bradley v. Trinity State Bank, 118 Texas 675, 14 S.W. 2d 810, in answer to certified questions, this Court said:

"The note was executed by the appellant. Its terms purport

a valid obligation, and an undertaking by the appellant to perform that obligation in Trinity, which place is shown to be in Trinity County. By virtue of subdivision 5 of Article 1995 of the statutes, these facts, of themselves, fix in that county the venue of the action on the note."

The Petroleum Producers Co. v. Steffens, 139 Texas 257, 162 S.W. 2d 698, it was held that the single venue fact which would cast venue under exception 5 is that the defendant had contracted in writing to perform the alleged obligation in the county where suit is filed or at some definite place therein which is named in the writing. See also, Farmers' Seed & Gin Co. v. Brooks, 125 Texas 234, 81 S.W. 2d 675; Rudman v. Hawkins, Texas Civ. App., 226 S.W. 2d 491; Sheffield v. Kirchmer, Texas Civ. App., 269 S.W. 2d 942; Grover Howell v. R. J. Loftis, Texas Civ. App., 299 S.W. 2d 954.

Payment is an affirmative defense which is to be determined upon the merits. Rules 94 and 95, Texas Rules of Civil Procedure. It is not a venue fact under exception 5.

Upon oral argument the respondent candidly conceded the correctness of this proposition and this Court's jurisdiction under Article 1728, section 2, Vernon's Ann. Texas Stats., State v. Wynn, 157 Texas 200, 301 S.W. 2d 76, but asserted by both oral and written arguments that petitioner pursued a course of conduct in connection with the collection of the note that precluded it from relying upon Potter County venue under exception 5. This theory is variously described in the briefs, but is generally referred to as a waiver of venue. In substance respondent's proposition is that although the note is made expressly payable in Amarillo, Potter County, Texas, the petitioner accepted payments thereon in El Paso County where respondent resided and where petitioner has a branch office, and that upon occasion, petitioner requested and instructed respondent to make payments at the El Paso office.

2 We need not pass upon the question of whether a subsequent oral agreement modifying the place of performance of a written contract would affect the proper venue of a suit brought upon the written instrument. It is sufficient to point out that testimony to the effect that petitioner requested payments be made at its branch office and that such payments were there accepted constituted no evidence that petitioner waived its contractual right to demand that such payments be made at the home office, or that it intended, in the event of default, to waive

its right to sue upon the written obligation in the county designated as the place of performance in the written instrument. Bailey v. A.R.A. Manufacturing Company, Texas Civ. App., 285 S.W. 2d 849. Branch offices are generally established for purposes of convenience in soliciting business, rendering service and collecting accounts. The fact that as a matter of convenience, accounts are paid through a branch office can in no way work a change in the original written contract evidenced by the promissory note. The question here is not whether the investment company can refuse to recognize or credit a payment made at a branch office, but whether it has agreed that in event of a default the obligation must be enforced in El Paso County rather than Potter County in view of respondent's objection. Clearly, under the evidence, the petitioner has made no agrement of that nature.

The judgments of the courts below are reversed and judgment here rendered overruling respondent's plea of privilge.

Opinion delivered November 18, 1959.