**CITY OF PERRYTON, Texas, Appellant,**

v.

**HIGH PLAINS NATURAL GAS COMPANY,**
**Appellee.**

No. 16811.

Court of Civil Appeals of Texas.

Fort Worth.

March 17, 1967.

Rehearing Denied April 14, 1967.

Lemon, Close & Atkinson, and R. D. Lemon, City Atty., Perryton, for appellant.

Strasburger, Price, Kelton, Miller & Martin, and Leo J. Hoffman, Dallas, for appellee.

## OPINION

MASSEY, Chief Justice.

Venue case under Vernon's Ann.Tex. Civ.St. Art. 1995, "Venue", Subdivision 5, "Contract in writing".

Place of performance (payment) by defendant was recited in the contract as "at Vendor's office in the City of Fort Worth, Tarrant County, Texas".

After the continuing contract had been performed for a period, plaintiff, through oral arrangement with the defendant, provided for defendant's future performance (payment) to be made in Dallas County. Thereafter the office in Tarrant County was closed. Performance by defendant in such county thus became impractical, if not impossible. Several years later a dispute arose concerning the amount owed by defendant to plaintiff. Under the theory that defendant's obligation to make payments under the contract was in arrears, plaintiff brought suit in Tarrant County for indebtedness allegedly owing under the contract.

Venue issue was joined. Hearing was before the court without intervention of a jury. Order of the court overruled defendant's plea of privilege. Defendant appealed.

Defendant's theory is that because of the oral agreement changing the place in the contract where it was obliged to perform, plaintiff had lost the right to require defendant's performance in Tarrant County.

Defendant claims it was entitled to have the case transferred to the county of its residence.

Article 1995, Subd. 5 provides: "If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county * * * by such writing, suit upon or by reason of such obligation may be brought against him * * * in such county * * *."

■ The evidence introduced was without probative force to prove that plaintiff had waived its contractual right to demand that defendant's performance occur in Tarrant County, or, in the event of defendant's default, to waive its right to sue to enforce defendant's performance in Tarrant County. In view thereof, plaintiff was entitled to have venue retained in such county. Southwestern Investment Co. v. Allen, 160 Tex. 258, 328 S.W.2d 866 (1959).

Defendant contends that the case does not constitute authority for our conclusion since payments to Southwestern Investment Co. were arranged to be made at a different branch office from that provided in the written contract as a matter of convenience to Allen and at a time when the office named as place of payment by the contract remained open and active. Our attention is directed to the statement made in the opinion (328 S.W.2d p. 868), viz.: "We need not pass upon the question of whether a subsequent oral agreement modifying the place of performance of a written contract would affect the proper venue of a suit brought upon the written instrument." We consider such contention without merit, the material factor being whether a right of the plaintiff under the contract was waived.

■ Furthermore, we are of the opinion that under the unambiguous provisions of Subdivision 5 of the Venue Statute, plaintiff's right to bring suit in Tarrant County was preserved. Since amendment thereof in 1935, the language of the sub-

division is specific concerning the venue right in relation to written contracts. For venue purposes reference to matters outside the written provisions of contract(s) of the parties could not operate to alter or inhibit the venue rights conferred by the subdivision. Grayson Enterp., Inc. v. Texas Key Broadcasters, Inc., 390 S.W.2d 346, 350 (Eastland, Civ.App., 1965, writ dism.); Saigh v. Monteith, 147 Tex. 341, 215 S.W.2d 610 (1948); Cunningham v. Allison, 202 S.W.2d 297 (Fort Worth, Civ. App., 1947, no writ); Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (1942).

Judgment is affirmed.