**Amelia A. GARCIA et al., Appellants,**
**Appellants,**

**v.**

**KINGSVILLE FIRST SAVINGS & LOAN ASSOCIATION, Appellee.**

**No. 14594.**

Court of Civil Appeals of Texas.

San Antonio.

May 10, 1967.

Rehearing Denied May 31, 1967.

Utter & Chase, Corpus Christi, Nago L. Alaniz, San Diego, for appellants.

David A. Grose, Charles R. Nixon, Alice, for appellee.

BARROW, Chief Justice.

A venue action involving Subd. 5, Art. 1995, Vernon's Ann.Civ.St. Appellee brought this suit in the District Court of Jim Wells County against appellants, Amelia A. Garcia, individually and as temporary administratrix of the estate of Francisca P. Garcia, deceased, and Porfirio Garcia, to recover on a promissory note executed by Francisca P. Garcia on Septem-

ber 1, 1964. Amelia and Porfirio were alleged to be the sole heirs of Francisca.

Amelia filed her plea of privilege to move said cause to Duval County, the county of her residence, and where the land was located upon which a lien was executed as security for said note. Porfirio filed his plea to move said cause to Harris County where he resided. After a nonjury trial the court overruled both pleas of privilege.

Appellants urge by their first two points that there is no evidence, or, in the alternative, the evidence is insufficient to prove a cause of action on behalf of appellee against appellants. The note which was expressly payable in Alice, the county seat of Jim Wells County, was introduced in evidence. The pleading of appellants was also introduced, wherein appellants judicially admitted that the note was signed by deceased. It is urged that appellee failed to sustain venue, in that the note was payable to Bertagna Home Builders, Inc.,[1] and there was no evidence to show the assignment to appellee by Bertagna or any consideration for such an assignment.

█ The venue facts necessary under Subd. 5, supra, are: (1) that defendant is a party reached by the statute; (2) that the claim is based on a written contract; (3) that the contract was entered into by the defendant or by one authorized to bind him; (4) that the contract by its terms provides for performance of the obligation sued upon in the county of suit. Proof of the existence of a cause of action is not required. Southwestern Inv. Co. v. Allen, 160 Tex. 258, 328 S.W.2d 866 (1959); Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (1942); Roach v. Schaefer, Tex.Civ.App., 214 S.W.2d 128, no writ; Gifford-Hill & Co. v. Hearne Sand & Gravel Co., 183 S.W.2d 766, no writ; Ryan v. Texas-Canadian Oil Corp., Tex.Civ.App., 146 S.W.2d 805, no writ; McDonald, Texas Civil Practice, § 4.11.1; Clark, Venue in Civil Actions, Ch. 5, § 6.

█ When appellee introduced the note in evidence, it thereby proved a contract in writing that is performable in Jim Wells County. Thompson v. Republic Acceptance Corp., 388 S.W.2d 404 (Tex.1965); Southwestern Inv. Co. v. Allen, supra. Under the authorities cited in the preceding paragraph, it was not necessary for appellee to prove that it owned the note or other matters to show existence of the cause of action alleged.

█ Appellants urge, under their third point of error, that the District Court of Jim Wells County did not have jurisdiction in that probate proceedings were pending in Duval County on the estate of Francisca P. Garcia, deceased. The only matters before the trial court on this hearing and before us now are the pleas of privilege. Rule 84, Texas Rules of Civil Procedure. Insofar as venue is concerned, it is settled that the administratrix or heir of a deceased person is bound by the obligations of the deceased and venue may be maintained, under Subd. 5, supra, in the county where the written contract is performable. Thane v. Dallas Joint Stock Land Bank, Tex.Civ. App., 129 S.W.2d 795, no writ; Quinn v. Home Owners' Loan Corp., Tex.Civ.App., 125 S.W.2d 1063, writ dism'd; McDonald, Texas Civil Practice, § 4.11.2.

█ Appellants urge by their final point that, since appellee seeks a foreclosure of its lien on land located in Duval County, venue is in Duval County under the mandatory provisions of Subd. 14, Art. 1995, supra. The dominant purpose of appellee's suit is to recover judgment upon the promissory note which is expressly made payable in Jim Wells County, and venue is maintainable there, although said note is secured by a lien on land located in Duval County. Bennett v. Langdeau, 362 S.W.2d 952, 955 (Tex.1962); Quinn v. Home Owners' Loan Corp., supra; McDonald, Texas Civil Practice, § 4.22.3, p. 490.

The judgment of the trial court is affirmed.

---

1. Joined as a party defendant, but not a party to this appeal.