**COVINGTON–COMPTON CO., Inc.,**
**Appellant,**

v.

**MEDINA AGRICULTURE PRODUCTS,**
**INC., Appellee.**

**No. 14671.**

Court of Civil Appeals of Texas.

San Antonio.

March 6, 1968.

Fisher, Roch & Blackstock, Stuart Kinard, Houston, for appellant.

Vance & Vance, Hondo, for appellee.

BARROW, Chief Justice.

This is a venue action involving Subd. 5, Art. 1995, Vernon's Ann.Civ.St.[1] Appellee, a Texas corporation, brought this suit for debt against appellant, a Texas corporation, with its principal office and place of business in Harris County, Texas, upon an itemized account verified in accordance

---

1. If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writ-

ing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

with Rule 185, Texas Rules of Civil Procedure. Appellant filed a plea of privilege, but did not include in same a sworn denial of the justness of appellee's claim. Said plea of privilege was overruled after a non-jury trial.

Appellee's suit is based upon a written contract whereby it agreed to sell a described product to appellant. Paragraph Two, section c. of said contract provides: "Covington agrees to pay Medina for Product ordered in writing by Covington, which payment shall be made to Medina at its home office in Hondo, Texas within thirty (30) days after delivery of Product to premises of Covington or its consignees." Appellee alleged that under the terms of said contract and based upon orders in writing, a balance of $15,891.23 is due and owing as shown by the itemized account attached to said petition. Appellee's sworn account was introduced into evidence at the hearing of the plea of privilege, together with the written contract which was stipulated to be the contract referred to in appellee's petition. No other evidence was introduced by either party.

To sustain venue under Subd. 5, supra, it is necessary to prove: (I) that the defendant is a party reached by the statute; (II) that the claim is based on a written contract; (III) that the contract was entered into by the defendant or by one authorized to bind him; (IV) that the contract by its terms provides for performance of the obligation sued upon in the county of suit. Garcia v. Kingsville First Savings & Loan Assn., 415 S.W.2d 537 (Tex.Civ.App.—San Antonio 1967, writ dism'd); McDonald, Texas Civil Practice, § 4.11.1; Clark, Venue in Civil Actions, Chap. 5, § 6.

■ Appellee's verified itemized account which was received into evidence was prima facie evidence of the existence of its cause of action in the absence of a verified denial in appellant's plea of privilege of the justness of same. Rule 185, supra; Ladner v. Reliance Corporation, 156 Tex. 158, 293 S.W.2d 758 (1956); Dina Pak Corp. v. May Aluminum, Inc., 417 S.W.2d 419 (Tex.Civ.App.—Corpus Christi 1967, no writ); Haney v. Henry, 307 S.W.2d 649 (Tex.Civ.App.—Amarillo 1957, no writ); McDonald, supra, § 4.43.1 (c).

■ Appellant urges, however, that there is no evidence that this cause of action is based on a contract in writing, in that there is no evidence that each invoice was based upon a written order from appellant. Since the verified petition alleged the account was based upon a written contract and this contract, which was introduced in evidence, provides for payment in Hondo, the county seat of Medina County, venue is properly maintainable under this exception to the venue statute. The validity of the debt will be determined at the trial on the merits.

In Southwestern Investment Co. v. Allen, 160 Tex. 258, 328 S.W.2d 866 (1959) the Supreme Court considered the venue facts required under this exception. The following rule from Petroleum Producers Co. v. Steffens, 139 Tex. 257, 162 S.W.2d 698 (1942), was cited with approval: "the single venue fact which would cast venue under exception 5 is that the defendant had contracted in writing to perform the alleged obligation in the county where suit is filed or at some definite place therein which is named in the writing." See also Tyson v. Seaport Grain, Inc., 388 S.W.2d 731, 737 (Tex.Civ.App.—Corpus Christi 1965, writ dism'd); Arnold v. Wheeler, 304 S.W.2d 368, 369 (Tex.Civ.App.—San Antonio 1957, writ ref'd n. r. e.).

The trial court did not err in overruling appellant's plea of privilege. The judgment is affirmed.