Walter E. SCHUELKE, Jr., Appellant,

v.

A. R. REES, Appellee.

No. 15030.

Court of Civil Appeals of Texas,
San Antonio.

Dec. 29, 1971.

Jonathan Sox, Carter, Callender & Branton, San Antonio, for appellant.

Oliver & Oliver, San Antonio, for appellee.

BARROW, Chief Justice.

A venue action involving Subdivision 5, Article 1995, Vernon's Annotated Civil Statutes. Rees brought this suit in Bexar County seeking to recover judgment against Schuelke, a resident of Guadalupe County, for the sum of $30,153.17 allegedly due Rees upon a debt evidenced by a promissory note of January 1, 1963, executed by Schuelke, together with attorney's fees as provided in said note. The trial court overruled the plea of privilege after a non-jury trial.

It is well established that the venue facts necessary under Subdivision 5, supra, are: (1) that defendant is a party reached by the statute; (2) that the claim is based on a written contract; (3) that the contract was entered into by the defendant or by one authorized to bind him; (4) that the contract, by its terms, provides for performance of the obligation sued upon in the county of suit. Proof of the existence of a cause of action is not required. See Garcia v. Kingsville First Savings & Loan Association, 415 S.W.2d 537, 538 (Tex. Civ.App.—San Antonio 1967, writ dism'd), and the authorities therein cited.

Schuelke asserts four assignments of error. Under the first two points he urges that the cause of action pleaded by Rees is actually one upon a stated account rather

than upon a note. By his third and fourth points, Schuelke asserts that Rees failed to prove the terms of the note sued upon, thus he failed to establish that the note is payable in San Antonio, Bexar County, Texas.

What should be a simple legal proposition presented by the question of venue in a suit on a promissory note was made complicated by the factual background of this case. About January 1, 1963, Rees sold a tract of land in Guadalupe County to Schuelke; and, in consideration therefor, Schuelke assumed several notes, including a note to the First National Bank, Seguin, in the amount of $17,500.00, and also executed the note in question payable to Rees in the principal sum of $36,907.80.

■ This note, hereinafter referred to as the Rees note, is expressly made payable in San Antonio, Bexar County, Texas. The note provides for interest at the rate of one per cent per annum until the unpaid balance due on the note payable to First National Bank of Seguin, Texas, has been paid, " . . . then this note shall become due and payable in the same monthly installment amount and bear interest at the same rate as the $17,500.00 note . . .." The Seguin note was secured by a lien evidenced by a Deed of Trust on certain described land, and the Rees note further provides that the Deed of Trust is ". . . made a part hereof for a full description of said note and the manner in which this note shall become due and payable." The Rees note further provides: "The terms, obligations and manner of payment of the $17,500.00 note shall be the terms and manner of payment of this note as though fully set forth herein."

The Rees note was introduced into evidence at the venue hearing, as well as a statement prepared by Rees, and submitted to Schuelke in 1966, showing a balance of $30,153.17 due on the note after certain credits had been given Schuelke. However, the Seguin note was not introduced into evidence. Rees testified that no payments had been made on the balance of $30,153.17.

Schuelke contends, under his first two points, that the true nature of Rees' suit is one upon an account as evidenced by a statement furnished him by Rees in 1966. It is true that the statement which was introduced into evidence sets forth the complete financial background of the transaction involving the purchase of the land by Schuelke from Rees. This statement shows the consideration for the execution of the Rees note of January 1, 1963, in the principal sum of $36,907.80. Included also on the statement are certain credits granted Schuelke which resulted in reducing the amount owed on said note to the sum of $30,153.17. Much of Schuelke's argument is based on allegations contained in the original petition filed by Rees, but this instrument was supplanted by the amended petition filed prior to the venue hearing. We conclude that the dominant purpose of Rees' amended original petition is to recover judgment upon the note of January 1, 1963, which note is expressly made payable in Bexar County, Texas. Schuelke's first two points are overruled.

■ Under his third and fourth points, Schuelke urges that there is no evidence to show the terms of the Rees note in that it provides in part that the terms, obligations, and manner of payment should be those of the Seguin note; and since that note was never introduced into evidence, there is no evidence to establish the terms of the note sued upon herein. In Thompson v. Republic Acceptance Corporation, 388 S.W.2d 404 (Tex.1965), the Supreme Court recognized the established rule that the terms of the note must be proved. Here we have a somewhat unusual situation in that the Rees note, which was introduced into evidence, provides for interest at the rate of one per cent per annum until paid. No other terms of payment are set forth other than the references to the Seguin note. It is provided that, upon discharge of the Seguin note, the interest rate would become the same and monthly installments would be required as provided in the Seguin note.

The interest provision is immaterial in that the only interest sought is one per cent as calculated in the statement furnished by Schuelke. However, it is obvious that in order to show a default on the note, Rees will be required to prove a failure by Schuelke to comply with the installment payments set forth in the Seguin note. This is a matter for proof at the trial on the merits and not at the venue hearing. Southwestern Investment Company v. Allen, 160 Tex. 258, 328 S.W.2d 866 (1959); Petroleum Producers Co. v. Steffens, 162 S.W.2d 698 (Tex.Comm'n App. 1942, opinion adopted); 1 McDonald, Texas Civil Practice, Section 4.11.1. Rees proved the venue facts essential to maintain the suit in Bexar County by introducing the note of January 1, 1963, into evidence and, thereby, establishing a cause of action upon a promissory note expressly made payable in Bexar County. It was not necessary to introduce the Seguin note into evidence, and Schuelke's third and fourth points are without merit.

The order of the trial court overruling Schuelke's plea of privilege is affirmed.