**Ray WILLIAMS and Williams Grain & Brokerage, Inc., Appellants,**

v.

**GOODPASTURE, INC., Appellee.**

**No. 9155.**

Court of Civil Appeals of Texas, Amarillo.

Oct. 15, 1980.

Key, Carr, Evans & Fouts, Donald M. Hunt, Lubbock, for appellants.

Anderson, Rudd & Dyess, William A. Dyess, Brownfield, for appellee.

DODSON, Justice.

Goodpasture, Inc. instituted this action in Terry County, Texas, against Ray Williams, individually and Williams Grain & Brokerage, Inc., to recover on a promissory note executed by Ray Williams. The note provides for payment in Brownfield, Terry County, Texas. Ray Williams filed a plea of privilege to be sued in Lubbock County, Texas, his place of residence. The corporation, Williams Grain & Brokerage, Inc., did not challenge venue. In its controverting plea, Goodpasture, Inc. asserted venue in Terry County under subdivision 5 of Article 1995 of the Texas Revised Civil Statutes Annotated (Vernon Supp.1980). The trial court sustained venue in Terry County, Texas. Williams appeals from the order of the trial court overruling his plea of privilege. We affirm.

Williams Grain & Brokerage, Inc., was engaged in business with Goodpasture, Inc., and had a sizable open account with Goodpasture. A dispute arose concerning the account, and was resolved with the agreement that Goodpasture would receive a promissory note for $29,117.16 in settlement of the balance on the account. The note is in evidence and, in pertinent part, is as follows:

$29,117.16 * * * November 4, A.D. 1975

For Value Received, I, WILLIAMS GRAIN & BROKERAGE, INC. promise to pay to GOODPASTURE, INC. or order, the sum of [$29,117.16] . . . payable at GOODPASTURE, INC., BOX 912, BROWNFIELD, TEXAS 79316.

This note payable in 1 (ONE) installments [*sic*] of $29,117.16 PLUS ACCRUED INTEREST ONE YEAR FROM DATE.

\* \* \* \* \* \*

/s/  Ray Williams

While the note identifies Williams Grain & Brokerage, Inc., the corporate defendant, as an obligor, it is signed by the individual defendant, Ray Williams, the corporation's president. The note does not show that Mr. Williams signed as a representative of the corporation.

In his plea of privilege, Mr. Williams specifically denied "that he is liable in the capacity in which he is sued in this cause." Subject to the plea of privilege, Mr. Williams filed a sworn answer in response to Goodpasture's original petition. In the answer, he denied executing the promissory note in his individual capacity and further affirmatively pled that he executed the note only in his representative capacity as president of Williams Grain & Brokerage, Inc. In essence, Mr. Williams does not deny executing the note. By his pleadings, he only challenges the capacity in which the note was executed.

On appeal, Mr. Williams maintains among other things that a binding obligation against him on the note is a venue prerequisite under subdivision 5; that the evidence is neither legally nor factually sufficient to support an implied finding of a binding obligation against him on the note; that the evidence conclusively establishes only a corporate obligation; and that parol evidence is admissible to establish that he is not liable on the note.

In support of his position that a binding obligation against him on the note is a venue prerequisite under subdivision 5, Mr. Williams relies on *Jordon v. Rule*, 520 S.W.2d 463 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *Baccus v. Plains Cot-*

*ton Coop. Ass'n,* 515 S.W.2d 401 (Tex.Civ. App.—Amarillo 1974, no writ); *Vaquero Drilling Co. v. Adcock,* 453 S.W.2d 908 (Tex. Civ.App.—San Antonio 1970, no writ); and *Covington–Compton Co. v. Medina Agriculture Products, Inc.,* 425 S.W.2d 694 (Tex. Civ.App.—San Antonio 1968, no writ). The court's decision in each case is not controlling in this instance. Thus, we deem unnecessary a detailed discussion of these cases.

█ In support of the trial court's order, Goodpasture, Inc. urges that it proved the essential venue facts required under subdivision 5, and that the issue of Mr. Williams' individual liability or non–liability is not a matter to be determined at the plea of privilege hearing, but can only be resolved by a trial on the merits. We agree with Goodpasture.

█ In the pertinent part, subdivision 5 provides:

[I]f a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile.

Tex.Rev.Civ.Stat.Ann. art. 1995(5)(a) (Vernon Supp.1980). Under this part of subdivision 5, the venue fact to be established is whether the person *alleged to be liable* has contracted in writing to perform an obligation in the county where the suit is filed. *Petroleum Producers Co. v. Steffens,* 139 Tex. 257, 162 S.W.2d 698 (1942). This rule was reaffirmed by the Texas Supreme Court in *Southwestern Investment Company v. Allen,* 160 Tex. 258, 328 S.W.2d 866 (1959). As stated in *Allen,* the plaintiff is not required to establish a cause of action against the defendant claiming the plea of privilege, nor negate the defendant's affirmative defenses to the alleged action.

Seeking to recover on the note, Goodpasture, Inc., by its original petition, alleged a joint cause of action against Williams Grain & Brokerage, Inc. and Ray Williams. In its petition, Goodpasture alleged that "[a]lthough the note named Defendant, WILLIAM GRAIN & BROKERAGE, INC., it was signed by Defendant, RAY WILLIAMS, and it did not show that Defendant signed in a representative capacity." In this connection section 3.403(b)(2) of Texas Business and Commercial Code (Vernon 1968) provides, in part, that:

(b) An authorized representative who signs his own name to an instrument

* * * * * *

(2) except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity.

It is undisputed that Ray Williams was president of Williams Grain & Brokerage, Inc. when he signed the note in question. Nevertheless, his claim of representative capacity does not affirmatively appear on the note. Under Section 3.403(b)(2), Mr. Williams is liable on the instrument, unless he establishes that he signed the note in a representative capacity. His asserted avoidance of liability, *i. e.,* that he signed the note as a representative of the corporation, is an affirmative defense. *Seale v. Nichols,* 505 S.W.2d 251, 254 (Tex.1974); Tex.R.Civ.P. 94. The affirmative defense may only be raised at the trial on the merits. *See Southwestern Inv. Co. v. Allen, supra.* Accordingly, we affirm the order of the trial court.