**BAYLOR UNIVERSITY MEDICAL CENTER, Appellant,**

v.

**Robert VAN ZANDT, Appellee.**

**No. 20808.**

Court of Civil Appeals of Texas, Dallas.

June 5, 1981.

Catherine A. Gerhauser, Burford & Ryburn, Dallas, for appellant.

Ron Adkison, Wellborn, Houston, Bailey, Perry & Adkison, Dallas, for appellee.

Before AKIN, ROBERTSON and STEPHENS, JJ.

ROBERTSON, Justice.

This is an appeal from the trial court's order sustaining appellee Van Zandt's plea of privilege. Appellant Baylor University Medical Center sued appellee for payment for medical services rendered in Dallas County, Texas. Appellee filed a plea of privilege which appellant controverted by alleging appellee had contracted in writing to make payment in Dallas County and, therefore, the action on that contract could be maintained in Dallas County under subdivision 5 of article 1995. Tex.Rev.Civ.Stat. Ann. art. 1995(5) (Vernon Supp.1980–1981). The trial court sustained appellee's plea of privilege and appellant appeals asserting that as a matter of law it has satisfied all the requirements of article 1995(5). We agree. Accordingly, we reverse and remand the cause for trial in Dallas County.

■ To prevail under subdivision 5 of article 1995, it is necessary to prove: (1) that defendant is a party reached by the statute; (2) that the claim is based upon a written contract; (3) that the contract was entered into by defendant or by one authorized to bind him; and (4) that the contract by its terms provides for performance of the obligation sued upon in the county of suit. *Covington-Compton Co., Inc. v. Medina Agriculture Products, Inc.*, 425 S.W.2d 694 (Tex.Civ.App.-San Antonio 1968, no writ). Appellee contends that appellant has failed to prove he is a party reached by the statute because he was a minor at the time the contract was executed and that appellant has failed to prove he, or one authorized to bind him, executed the contract. We do not agree with either of appellee's contentions.

■ First, it is of no consequence, in this hearing on appellee's plea of privilege, that appellee was a minor at the time the contract appellant sues upon was executed. Minority is a defense to the merits which is not available at a venue hearing in the absence of pleading and proof that appellant filed this suit with knowledge that

appellee was a minor and would disaffirm his written contract for the fraudulent purpose of obtaining venue in the county of suit. No such pleading or proof has been presented in this case. Therefore, appellee cannot defeat venue by proof of minority and disaffirmance of the written instrument on that ground. *Foster v. Aircraft Inv. Corp.*, 215 S.W.2d 249 (Tex.Civ.App.-Fort Worth 1948, no writ); *Melton v. Katzenstein*, 49 S.W. 173 (Tex.Civ.App.1899, no writ).

■ Second, appellant pleaded that its suit was on a written contract executed by appellee or an authorized agent of appellee. Appellee did not deny the execution of the contract or the allegation that he or his authorized agent signed it, as required by Tex.R.Civ.P. 93(h). Consequently, appellee has admitted that the contract was signed by him or by his authority. *Public Service Life Ins. Co. v. Copus*, 494 S.W.2d 200 (Tex. Civ.App.-Tyler 1973, no writ). Appellee contends, however, that since it is apparent from the face of the record that neither he nor his authorized agent signed the contract, it was not necessary to deny appellant's allegation under oath as required by rule 93(h). We do not agree. It is not apparent from the face of the record that neither appellee nor *his authorized agent* signed the contract sued upon. Therefore, rule 93(h) applies to this case and, because it was not complied with, appellant established all the requirements of article 1995(5) by its pleadings and its tender into evidence of the contract.

The order of the trial court is reversed and the cause is remanded for trial in Dallas County.

Reversed and remanded.