Charles Robert **BUSBEY**, Appellant,

v.

Barbara Hall **BUSBEY**, et al., Appellees.

No. A2660.

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 22, 1981.

David E. Brown, McGlew & Brown, Austin, for appellant.

Robert B. Wallis, Haynes & Fullenweider, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and PAUL PRESSLER and JUNELL, JJ.

JUNELL, Justice.

This is an appeal from an order overruling a plea of privilege. Mrs. Busbey and her two adult children filed suit in Harris County against Mr. Busbey for damages for breach of their marriage settlement agreement. The suit was not one which sought enforcement of child-support orders contained in the divorce decree or assistance in the collection of any amount of money awarded therein. Mr. Busbey filed a plea of privilege to be sued in the county of his residence, Travis County. The controverting affidavit filed by Mrs. Busbey asserted the suit is maintainable in Harris County on two grounds: (1) under § 5 of Tex.Rev.Civ. Stat.Ann. 1995 as a suit on a contract in writing to perform an obligation in a particular county; and (2) under Tex.Fam.Code Ann. § 11.05(a) by reason of the Court's continuing jurisdiction in a suit affecting the parent-child relationship. In overruling the plea of privilege, the trial Court did not state on which ground it retained venue in Harris County. Mr. Busbey appeals contending it was error to retain venue in Harris County on either ground. We agree.

At the hearing on the plea of privilege the only evidence presented was a copy of the Marriage Settlement Agreement. Mrs. Busbey alleged in her petition breach of the following provisions of the agreement:

3.05. The parties agree that savings accounts will be opened for the children of this marriage, Bruce and Betsy, with proceeds donated and designated for this purpose by A. B. Busbey, Sr., but heretofore commingled in the community estate; said accounts shall be established by utilizing cash contributions from the parties in the following proportions:

(a) For Betsy Busbey, $650.00, contributed $500 by Wife, $150 by Husband;

(b) For Bruce Busbey, $800.00, contributed $400 by Wife, $400 by Husband.

5.01. The Husband shall be responsible for the support maintenance medical expenses, and general well-being of the children. Should psychological or psychiatric treatment be deemed necessary for the children, Husband shall provide such funds as are necessary to treat the children in accordance with the opinions of medical and psychological professionals consulted.

5.03. Husband agrees to furnish support (defined as academic costs and living expenses) for each child to acquire either a Bachelor's degree level college education or occupational, vocational or equivalent training. Husband will have the right to counsel and approve the course of study chosen by the children; his approval shall not be unreasonably withheld. Wife shall also have the right to counsel concerning the education of the children.

Section 5 of Article 1995 provides that if a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, suit upon or by reason of such obligation may be brought against him in such county. For a case to come within § 5, the contract must expressly provide for performance of the obligation in the county of suit. *Southwestern Investment Company v. Allen,* 160 Tex. 258, 328 S.W.2d 866, 867 (1959); *Petroleum Producers Company v. Steffens,* 139 Tex. 257, 162 S.W.2d 698, 699 (Tex.Comm'n App.1942, opinion adopted); and *Johnson v. U. S. Industries, Inc.,* 469 S.W.2d 652, 654 (Tex.Civ.App.—Eastland 1971, no writ). The right to be sued in one's own domicile being jealously guarded by the courts, exceptions to the venue statute must clearly appear and may not be established by implication. *Goodrich v. Superior Oil Company,* 150 Tex. 159, 237 S.W.2d 969, 972 (1951); *Calhoun v. Padgett,* 409 S.W.2d 890, 893 (Tex.Civ.App.—Tyler 1966, no writ). There is no general provision within the marriage settlement agreement expressly naming Harris County as the place for performance by Mr. Busbey, and the specific sections of the agreement allegedly breached fail to make such provision. Therefore, venue may not be maintained in Harris County under § 5 of Article 1995.

Mrs. Busbey's second ground for maintaining venue in Harris County is under Tex.Fam.Code Ann. § 11.05(a) (Vernon Supp.1980) which provides:

(a) .... when a court acquires jurisdiction of a suit affecting the parent-child relationship, that court retains continuing jurisdiction of all parties and matters provided for under this subtitle in connection with the child.

■ For the reasons discussed below we hold that § 11.05(a) does not apply. The record shows without dispute that Betsy Busbey was over 18 years of age at the time the marriage settlement agreement was signed. Section 11.01 defines "child" as a person under 18 years of age. Section 11.-05(a) applies only to suits affecting the parent-child relationship. Therefore, as to the claims of Betsy Busbey this is not such a suit and § 11.05(a) is not available to maintain venue in Harris County.

■ One claim asserted by Bruce Busbey was for a money judgment for $800.00 plus interest, presumably based on Charles Robert Busbey's failure and refusal to release to Bruce when he reached 18 years of age the funds in the savings account which had been established pursuant to the marriage settlement agreement. The agreement does not provide that the funds in the savings account are to be paid to Bruce upon his reaching 18 years of age; however, assuming Bruce's allegation is correct that Mr. Busbey was obliged to pay the money to Bruce upon his reaching the age of 18, such provision would remove that obligation from the ambit of § 14.05(a) and, thus, from the venue provisions of § 11.05(a) for the reason that the obligation would arise only after Bruce was no longer a minor child. A payment which is not to be made until after the child reaches the age of 18 is not child support under § 14.05(a); therefore, it cannot be ordered enforced under § 14.05(a).

■ The only other claim asserted by Bruce and his mother is that his father breached his obligation under § 5.01 of the marriage settlement agreement to provide funds for Bruce's medical treatment, including psychological or psychiatric treatment. The petition alleges that the mother paid for such treatments and became subrogated to Bruce's right to recover such payments from the father.

It is clear from the pleadings that the cause of action alleged is one for enforcement of the terms of the agreement as contract terms. Section 2.01 of the marriage settlement agreement specifically provides that it is so enforceable, thus complying with Tex.Fam.Code Ann. § 14.06(d), which provides that the terms of the agreement may not be enforceable as contract terms unless the agreement so provides. Because the agreement here involved does so provide, this suit as to this cause of action was not brought under § 11.03, which defines a "suit affecting the parent-child relationship" as "one brought under this subtitle in which ... support of a child ... is sought." Therefore, the venue provisions of § 11.05(a) do not apply. *Adwan v. Adwan*, 538 S.W.2d 192 (Tex.Civ.App.—Dallas 1976, no writ).

The judgment of the trial court is reversed and the cause is remanded with instructions that the trial court enter an order transferring this case to the district court of Travis County, Texas.