**Marvin Lee GARDNER, Appellant,**

v.

**Evy Gene GARDNER, Appellee.**

No. 5657.

Court of Appeals of Texas, Eastland.

Oct. 8, 1981.

Rehearing Denied Oct. 22, 1981.

D. Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellant.

Dana Smith, Day & Nabers, Brownwood, for appellee.

DICKENSON, Justice.

This is a venue appeal in a suit filed by the ex-wife, Evy Gene Gardner, for a money judgment against her ex-husband, Marvin Lee Gardner, based upon their Separation Agreement. In the alternative she sought to hold him in contempt for failure to comply with the Decree of Divorce which approved that agreement and ordered both parties to carry it out. Following a nonjury hearing, the ex-husband's plea of privilege was overruled. He appeals. We affirm.

The parties were divorced on July 1, 1974, by a decree which provided in pertinent part:

It is therefore ordered that the community property agreement entered into by Plaintiff and Defendant and filed herein be and is hereby approved and incorporated into this decree by reference.

The Court orders both parties to execute any and all necessary documents to carry out the aforementioned agreement.

The Separation Agreement, which was executed and acknowledged by both parties on July 1, 1974, provides in part:

Marvin Lee Gardner agrees that he will be responsible for and shall hold Evy

Gene Gardner harmless from any and all tax levies of any kind or character arising after October 1, 1972.

Evy Gene Gardner, Plaintiff, filed this suit on May 14, 1979. Marvin Lee Gardner, Defendant, filed a plea of privilege which was controverted by Plaintiff's claim of venue under Tex.Rev.Civ.Stat.Ann. art. 1995, subdivision 5(a) (Vernon Supp. 1980–1981). Plaintiff's controverting plea also alleged:

Additionally, the Plaintiff would show that on July 1, 1974, the above described contract was approved by the District Court of Brown County, Texas in Cause No. 17,698 entitled *In the Matter of the Marriage of Evy Gene Gardner and Marvin Lee Gardner.* By the action of the Court said contract was included in the Divorce Decree entered by the District Court on that date, and said contract became part and parcel of the Divorce Decree. Therefore, the enforcement of said contract came within the jurisdiction of the District Court of Brown County. . . .

Testimony at the venue hearing showed that the Internal Revenue Service assessed Evy Gene Gardner additional income taxes for the year ending December 31, 1974, that she paid $13,299.49 on September 17, 1979, in satisfaction of these additional taxes plus interest, and that Marvin Lee Gardner has not held her harmless for the additional tax levy which she paid.

■ Defendant's brief asserts one point of error, arguing that the trial court erred in overruling his plea of privilege for the reason that suit is not maintainable in Brown County, Texas, under Section 5 (sic) of Article 1995. We sustain this point of error. Subdivision 5(a), supra, now provides:

(a) . . . (I)f a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile. . . .

The agreement signed by the parties does not expressly name Brown County as the place of performance of Defendant's obligation to hold his ex-wife "harmless from any and all tax levies of any kind or character arising after October 1, 1972." To establish venue under this subdivision the contract must expressly provide for performance of the obligation in the county of suit. See, e. g., *Southwestern Investment Company v. Allen*, 160 Tex. 258, 328 S.W.2d 866 (1959). Exceptions to the venue statute may not be established by implication. The fact that the agreement was approved by the Court when the divorce was granted does not change this rule. *Busbey v. Busbey*, 619 S.W.2d 472 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

■ Plaintiff's counterpoint argues that the trial court correctly overruled the plea of privilege because of its inherent power to enforce its prior judgment. See *Ex parte Gorena*, 595 S.W.2d 841 (Tex.1979),[1] and Tex.Rev.Civ.Stat.Ann. art. 1911a (Vernon Supp. 1980–1981). This is obviously the basis upon which the trial court overruled the plea of privilege. Even though the Texas Bill of Rights declares that: "No person shall ever be imprisoned for debt"[2] and Defendant's obligation constitutes a "debt" which cannot be enforced by imprisonment under the District Court's contempt powers,[3] the trial court does have the power to hold Defendant in contempt, if the facts proven at the contempt hearing justify that

---

1. Mr. Gorena was required to pay a portion of his military retirement benefits. The court held that this was not a "debt" but "likened the husband's position to that of a trustee." The United States Supreme Court has now held that federal law precludes a state court from dividing military retirement benefits pursuant to state community property law. *McCarty v. McCarty*, —— U.S. ——, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).

2. Tex.Const. art. I, § 18.

3. See *Ex parte Yates*, 387 S.W.2d 377 (Tex. 1965); *Ex parte Jackson*, 590 S.W.2d 775 (Tex. Civ.App—El Paso 1979, original proceeding); *Ex parte Choate*, 582 S.W.2d 625 (Tex.Civ.App. —Beaumont 1979, original proceeding); *Ex parte Neff*, 542 S.W.2d 268 (Tex.Civ.App.—

action, and punish him by a fine rather than by imprisonment.

Our Supreme Court said in *Gorena*, supra at 843:

(T)he power to punish for contempt is an inherent power of a court and an essential element of judicial independence and authority....

Once the agreement of the parties has been approved by the court and made a part of its judgment, the agreement is no longer merely a contract between private individuals but is the judgment of the court....

(I)t follows that the consensual nature of the decree should have no bearing on the question of a court's power to enforce the decree by the exercise of its contempt power.

Since the District Court of Brown County has the power to enforce its prior decree by fining defendant for contempt, we hold that venue may also be maintained as to the contract action under the *Middlebrook* Doctrine.[4]

The trial court's order is affirmed.

Fort Worth 1976, original proceeding); and *Ex parte Duncan*, 462 S.W.2d 336 (Tex.Civ.App.—Houston [1st Dist.] 1970, original proceeding).

4. *Middlebrook v. David Bradley Manufacturing Company*, 86 Tex. 706, 26 S.W. 935 (1894); *E.*

*D. S. Energy Development Services, Inc. v. Bandera Trucking Company*, 601 S.W.2d 215 (Tex.Civ.App.—Eastland 1980, no writ); 1 McDonald, Texas Civil Practice § 4.38 (Rev.1981).