█ NEW BRITAIN NATIONAL BANK, Appellant, v. EARLE T. BAUGH et al., Respondents.— Order entered October 24, 1968, reversed on the law, and partial summary judgment granted in favor of plaintiff against both defendants for the unpaid balance due on the note and according to its original tenor, with costs; and further, judgment over in favor of the defendant Horgan against the defendant Baugh is similarly granted. This latter relief is accorded, although not requested, in order to avoid needless circuity of actions. The claim for counsel fees is severed and remanded to Special Term for an assessment of damages only. (*Bank of New York* v. *Clavier Corp.*, 29 A D 2d 927.) The affirmative defenses and the counterclaims are transparently synthetic, and despite the plaintiff's motion for summary judgment pursuant to CPLR 3211 and 3212, no effort is made by the defendants to develop contrary factual issues. The only factual presentation is achieved by the first affirmative defense of the defendant Horgan when he claims a modification of the note "without the defendant's consent, to provide for interest at the rate of 6½% per annum". However, it nowhere appears that the note per se was altered. All we have is a unilateral notice from the bank, dehors the note, ostensibly increasing the interest rate by one-half per cent for the amount calculated to be due for three future successive dates. But there is no allegation or proffered evidence that this notice was fraudulently inspired. Failing at least this, a party to the note is not discharged. For a discharge to occur, there must be an alteration by the holder which is both fraudulent and material. (Uniform Commercial Code, § 3-407, subd. [2], pars. [a], [b].) Concur — Capozzoli, J. P., McGivern, Markewich and Steuer, JJ.; Rabin, J., deceased.