Francis J. Donovan, J.
Plaintiff, a payor bank, sues the defendant on a check. The check was drawn by the County of Nassau on its welfare account with the plaintiff bank in the sum of $13.50 payable to a welfare recipient. The check was altered after issuance and before its transfer to defendant bank to increase the sum to $313.50. Thereafter defendant bank presented the check to plaintiff and received payment.
Under the circumstances neither bank was guilty of negligence in accepting the check and the County of Nassau exercised reasonable care and promptness in notifying the plaintiff of the alteration. Plaintiff had no defense against the County of Nassau under subdivisions (1) and (5) of section 4-406 of the Uniform Commercial Code.
The determination here turns on the application of section 1 — 207 of the Uniform Commercial Code. The defendant relies on paragraph (c) of subdivision (1), contending that it does not warrant that the item has not been materially altered because it is a holder in due course and acts in good faith.
The opening clause of subdivision (1) provides that a collecting bank warrants to the payor bank that the item has not been materially altered except that this warranty is not given by a collecting bank, that is a holder in due course and acts in good faith. However the exception is limited to several persons enumerated in clauses (i) to (iv). Clause (iii) of paragraph (c) is pertinent and reads as follows: “to the acceptor of an item with respect to an alteration made prior to the acceptance if the holder in due course took the item after the acceptance” (italics supplied).
This check was accepted and paid by the payor bank after the defendant banh became a holder. Therefore it follows that the defendant bank did not become a holder after acceptance. The exception does not apply to relieve it from the warranty against material alterations.
*606 It is interesting to compare subdivision (1) with subdivision (2). Both cover somewhat similar territory. However. there is an important distinction. Subdivision (1) establishes a warranty^by each collecting bank, running from the collecting bank to the payor bank, even though the banks do not occupy the status of immediate transferor and transferee. On the other hand, subdivision (2) provides for a warranty by the collecting bank to its transferee. There is no exception contained in subdivision (2). The warranty in the latter section is an absolute warranty against alteration.
The court found as a fact that there was a material alteration and that the alteration took place prior to the acceptance and payment of the check by the plaintiff. It follows that, under both subdivision (1) and subdivision (2) of section 4-207 of the Uniform Commercial Code, the defendant is liable to the plaintiff on the warranty against alteration. Section 4 — 401 of the Uniform Commercial Code provides that the check is enforceable against the County of Nassau for its original amount of $13.50. This leaves a liability on the warranty by the defendant to the plaintiff for the balance of $300.