**COMMERCIAL CREDIT CORPORATION, Appellant,**

v.

**Malcolm BRYANT, Appellee.**

No. 8329.

Court of Civil Appeals of Texas. Amarillo.

Jan. 22, 1973.

Folley, Snodgrass & Calhoun (O. M. Calhoun), Amarillo, for appellant.

Gibson, Ochsner, Adkins, Harlan & Hankins (Jairl P. Dowell), Amarillo, for appellee.

REYNOLDS, Justice.

Plaintiff-appellant Commercial Credit Corporation appeals from a judgment sustaining defendant-appellee Malcolm Bryant's plea of privilege. Affirmed.

Commercial Credit Corporation, referred to as plaintiff, is the assignee of two written retail installment contracts executed by Malcolm Bryant, referred to as defendant. The contract forms were furnished by plaintiff to an automobile dealer, were signed by defendant with the blank spaces therein then unfilled and delivered to the automobile dealer for the purchase of two automobiles. The printed portion of the two contracts provided for performance "at the office of Commercial Credit Corporation in Dallas, Dallas County, Texas." Plaintiff maintained offices in Dallas and in Amarillo. After defendant signed the contracts, at some date and by some person not revealed by this record, the words "Dallas, Dallas" were marked through, and the words "Amarillo, Potter" were substituted in lieu thereof. The record inference, which we accept, is that the alterations occurred after execution and delivery by defendant and prior to the time the contracts were assigned to plaintiff, who claims to be a holder in due course without knowledge that the alterations had been made without the consent or ratification of defendant. After the contracts were assigned to plaintiff, defendant made payments only at plaintiff's Amarillo office.

In January, 1970, plaintiff, alleging default in payment, instituted suit against defendant in Potter County, attaching to its petition photocopies of the contracts showing the alterations respecting the place of performance. Defendant answered, filing only a general denial. While there appears to be come conflict as to the terms, some agreement was reached between the parties, resulting in defendant making payments and in plaintiff dismissing the suit.

Thereafter, upon allegations of default in payment, plaintiff brought the present suit in Potter County. Defendant's plea of privilege asserted his right to be sued in, and to have the cause transferred to, Hartley County, the county of his domicile.[1] Plaintiff controverted the plea, relying on Vernon's Ann.Civ.St. art. 1995, subdivision 5.[2] In this connection, plaintiff contended in the trial court, and contends in its three points of error on appeal, that (1) the alterations were authorized by defendant, (2) who is estopped by his negligence to deny the alterations; and (3) in any event, defendant ratified and confirmed performance in Amarillo, Potter County.

Two witnesses, plaintiff's district manager of the Amarillo office and the defendant testified at the venue hearing. Defendant's undisputed testimony, and this record does not show otherwise, was that, although he signed the contracts with the blank spaces therein incompleted, the printed portion then provided for performance in Dallas, Dallas County, and he did not thereafter agree to or authorize the alterations made. His first knowledge of the alterations, he testified, was when they were

---

1. Tex.Rev.Civ.Stat.Ann. art. 1995 (1967) provides: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile except in the following cases:"

2. "5. Contract in writing.—If a person has contracted in writing to perform an obligation in a particular county, expressly naming such county, or a definite place therein, by such writing, suit upon or by reason of such obligation may be brought against him, either in such county or where the defendant has his domicile."

directed to his attention by his attorney after the present suit was filed. Following the hearing, the trial judge did not file findings of fact and conclusions of law. Implicit in the trial court's order sustaining the plea of privilege, absent filed findings of fact, are the presumed findings that the alterations were made after defendant executed the contracts, that defendant did not know of the alterations when they were made, and he did not thereafter acquiesce to or ratify the alterations, or waive the altered provisions of the contracts.

■ The controlling principle underlying the defendant's contractual obligatory performance in the particular county named in the written obligation is that, in the absence of an agreement for the subsequent insertion of a designated county, the county must be fixed when the contract is executed, and not be subject to change by a unilateral determination of an obligee. 1 McDonald, Texas Civil Practice, § 4.11.5. Plaintiff accepts, at least tacitly, the validity of this principle, but attempts to apply an exception.

As support for its assertion that defendant authorized the alterations, plaintiff points out that, by the provisions of the executed contracts, "Commercial Credit Corporation is hereby authorized to correct patent errors in said contract. . . ." Plaintiff then argues that this authority, coupled with the facts that the contracts were signed in blank with authority given for completion, that defendant knew the payments were to be made to the Amarillo office, and that defendant did not testify that he did not agree to make payments at Amarillo or that he agreed to pay at Dallas, constituted defendant's authority for the alterations. The Texas Business and Commerce Code, Vernon's Texas Code Ann. § 3.115, providing that an incomplete instrument becomes effective when completed in accordance with the authority given, is cited in support of the argument.

■ We are not persuaded by plaintiff's contention. First, by the contracts he executed, defendant agreed to perform in Dallas, Dallas County, and there is no showing that the printed provisions so providing were "patent errors." Even if it be conceded that the designations of the place of performance, printed in the forms furnished by plaintiff, were patent errors, the contention still must fail because the correction authority was given to plaintiff, who did not make the alterations, and not to the unidentified person who altered the provisions. The undisputed testimony is that defendant gave no authority to change the place of performance that was specified at the time he executed and delivered the contracts. And the fact that payments were made to the Amarillo office did not of itself demonstrate a patent error or operate to change the contract terms or create a new contract in this respect. Southwestern Investment Company v. Allen, 160 Tex. 258, 328 S.W.2d 866 (1959); White Motor Company v. Mizell, 334 S.W.2d 828 (Tex.Civ.App.—San Antonio 1960, no writ).

■ Secondly, the evidence, as accepted by the trial court, does not show the change was in connection with the authority given to complete the blanks. To be effective as a completed agreement, not only does V.T.C.A., Bus. & C. § 3.115 require that the instrument must be completed ". . . in accordance with authority given . . . ," but § 3.407 of the same code provides that where there is any material alteration in respect to adding or removing any part of the writing, a holder in due course, which plaintiff asserts it is, may enforce the instrument, not as altered, but only according to its original terms. The first point of error is overruled.

■ The second point, advancing estoppel by negligence, is predicated on the proposition that by defendant's execution of the contracts in blank and entrustment of them to the dealer for completion, the contracts were in such form as to be changed ". . . in the event their [the

dealer and defendant's] agreement would have included . . ." the alteration, or in such form as to imply the alteration authority. Respecting the first part of the proposition, the only testimony bearing on the subject is that there was no agreement for the alterations made. In the situation raised by the second part of the proposition, the rule of estoppel by negligence is imposed only where the maker of an instrument so negligently draws it that the negligence facilitates the material alteration. V.T.C.A., Bus. & C. § 3.406, and comments thereunder. This is not the situation here, because defendant did not draw the instruments, and morever, there is no evidence that plaintiff's own forms were so negligently drafted as to facilitate alterations in the printed portions. This point is overruled.

■ In its third point, plaintiff asserts that defendant is estopped as a matter of law to deny ratification of the alterations after having knowledge of them. This is so, plaintiff submits, because when defendant was served in the first suit, the suit papers showed the alterations to which he made no protest, filed no plea of privilege, and thereafter made payments to the Amarillo office, the designated place of performance by alteration. Of course, a defendant is not required to assert his right to be sued in some county other than the one in which the suit may be brought, and the issue of venue may be raised only by a plea of privilege. Texas Highway Department v. Jarrell, 418 S.W.2d 486 (Tex.Sup.1967). Since no plea of privilege was filed in the first suit, the issue of venue was neither put in issue nor determined thereby so as to fix the venue of the instant suit.

■ The question then is whether the facts demonstrate as a matter of law, or only raise a fact issue, that defendant confirmed or ratified the alterations. Ratification of a material alteration in a written instrument occurs when one, with full knowledge of the facts, thereafter by agreement, written or oral, or by circumstances, conduct or acts, recognizes the validity of the altered instrument. See Taylor Const. Co. v. Clynch, 196 S.W.2d 700 (Tex.Civ.App.—Amarillo 1946, no writ).

■ There was no written agreement ratifying the alterations, and if defendant ratified the alterations it was because of his conduct and acts. Although not disputing that the alterations were shown in the papers in the first suit, defendant denied that he actually knew of the alterations, irrespective of the discussions leading to dismissal of the first suit, until the matter was directed to his attention by his attorney after this present suit was filed. Thus, whether defendant had full knowledge of the facts and thereafter ratified the alterations became a question of fact to be decided by the trier of the facts. The finding of the trial court was against plaintiff's contention, and there is no complaint that the implied finding is insupportable by the evidence. The cases plaintiff cites for ratification are those where the facts revealed as a matter of law that ratification occurred with full knowledge of all the facts. The last point is overruled.

The judgment of the trial court is affirmed.