William J. Crangle, J.
Plaintiff acquired title to defendants’ real property by condemnation on September 24,1969. In accordance with General Municipal Law (§ 555, subd. 3, par. b) the parties entered into an agreement of prepayment in an amount equal to 75% of the compensation which had been offered to the owner as the plaintiff’s determination of just compensation. This amount was paid on October 10, 1969 but interest thereon which had accrued between the time of taking and the prepayment was not paid. Defendants now move for an order directing plaintiff to pay the interest due on October 10, 1969 together with interest upon this amount to the present date.
The pertinent statute then in effect reads in part as follows: “ Payment shall be made promptly thereafter, and shall be with interest as allowed by law from the date title vests in the agency *293 to the date of such prepayment.’ ’ (General Municipal Law, § 555, subl. 3, par. b; L. 1966, ch. 912, § 2.) It thus appears that defendants became entitled to interest upon the prepayment from September 24, 1969 to October 10, 1969. Such interest is by statute a portion of the just compensation to which defendants are entitled upon the taking of their property. They were entitled to their payment at the same time and for the same reason and with the same force as the principal prepayment. Interest upon this unpaid portion of the prepayment has accrued at the legal rate from October 10,1969 to date.
In 1971 the law was changed requiring prepayment to be 100% of the compensation offered to the owner by the condemnor. (L. 1971, ch. 1161, eff. July 6, 1971.) On July 26,1973 plaintiff paid defendants the remaining 25 % of its original offer. Defendants now ask interest upon this amount from the date of taking of the property to the date of payment together with interest upon this interest from July 26, 1973 to date.
The rights of the parties to this condemnation proceeding are controlled by the law as it was at the time of condemnation. (Opns. St. Comp., 71-1022.) At that time plaintiff was entitled to possession of the property upon payment of 75% of its offer to defendants. Possession was transferred, prepayment was made and the proceeding has been continued to the end that final judgment will award full and just compensation to defendants for their property together with interest upon any unpaid amount from the date of taking.
Plaintiff’s voluntary advance payment of the remaining 25% of its offer cannot change this legal relationship nor accelerate the due date for the payment of interest as established by section 555 of the General Municipal Law as it read in 1969. Defendants will be entitled to simple interest to the date of payment at the time of final judgment. Such right has not yet accrued.
Motion is granted to the extent of directing payment of interest upon that amount of interest which had accrued on October 10, 1969 from that date to the present time with respect to the original 75% prepayment as well as the original interest on that amount. ' The motion is denied with respect to interest upon interest upon the 25% prepayment. If plaintiff elects to prepay simple interest upon this amount at the present time instead of at the time of final judgment as it has indicated that it will, it will then owe interest from the date of taking upon any balance which may exist between the prepayment and an amount which will be finally adjudicated as just compensation.