■ ELLENVILLE NATIONAL BANK, Respondent, v NAT KAGAN MEAT & POULTRY, INC., et al., Appellants.—Appeal (1) from an order of the Supreme Court at Special Term, entered December 16, 1975 in Ulster County, which granted partial summary judgment in favor of plaintiff and (2) from the judgment entered thereon. On November 18, 1974, the corporate defendant executed a note to plaintiff in the sum of $125,000. The note was indorsed by the individual defendants. After two payments defendant corporation defaulted and plaintiff brought the present action by serving a summons and notice of motion for summary judgment in lieu of complaint, seeking recovery of the balance of the principal with interest at 11½%, plus attorney's fees. Special Term denied the relief requested, but, on reargument, granted summary judgment for the balance due on the note plus interest. Defendants, by way of defense, maintained that there was no agreement to pay interest at the rate of 11½%, but, rather, the agreement was to pay a floating rate two percentage points above the current prime rate and that the note was altered after delivery to plaintiff to provide for interest at the rate of 11½%, thus rendering it unenforceable. On reargument, plaintiff stipulated to accept the rate of interest urged by defendants.

In order for defendants to succeed they must establish that the note was materially and fraudulently altered, pursuant to the Uniform Commercial Code (Uniform Commercial Code, § 3-407, subd [2], par [a]). An examination of the record in its entirety compels us to conclude that defendants have failed to reveal any proof establishing fraud on the part of plaintiff. As a matter of fact, there is no allegation of fraud. On the contrary, in paragraph 13 of a reply affidavit by defendant Nat Kagan, in referring to the alleged alteration, he specifically states that he believes the alteration to be material, but makes no contention that it is fraudulent. In a subsequent affidavit, by the same defendant, he makes the bald statement that "the defendants can prove such fraudulent alteration." Such a statement, unsupported by proof, does not overcome the positive statement by plaintiff's president that the markings on the note were for internal banking purposes only. Consequently, we are of the view that Special Term properly granted partial summary judgment and we should not disturb that determination *(New Britain Nat. Bank v Baugh,* 31 AD2d 898). Order and judgment affirmed, with costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.