■ AMSTERDAM URBAN RENEWAL AGENCY, Appellant, v FRANCIS L. McGRATTAN et al., Respondents. — Appeal (1) from an order of the Supreme Court at Special Term (Graves, J.), entered November 30, 1981 in Montgomery County, which amended the judgment heretofore entered in this action by increasing the interest allowed on defendants' condemnation award, and (2) from the amended judgment entered thereon. On August 27, 1974, plaintiff obtained an order and judgment of condemnation on certain property of

defendants, and shortly thereafter, on September 16, 1974, it mailed a check in the amount of $31,000, plus a tax adjustment of $170.14, to the attorney for defendants. This check represented what plaintiff considered payment to defendants of the full value of the condemned property, and while defendants never cashed the check, they also never returned it to plaintiff. Subsequently, condemnation commissioners awarded defendants an additional $9,696.33, and Special Term confirmed this award in an order which also granted defendants a 5% allowance on the award pursuant to section 16 of the former Condemnation Law. The resultant judgment additionally included an award of interest on the $9,696.33 increase in the award from the date title to the property vested in plaintiff to the date of the judgment. No appeal was ever taken from Special Term's order and judgment, but when plaintiff demanded as a precondition to payment of the award that defendants execute and deliver a satisfaction of judgment, they refused and instead moved to vacate and amend the judgment so that it would include interest on the $31,000 originally asserted by plaintiff as the value of the property and not just on the $9,696.33 increase awarded by the condemnation commissioners. Special Term granted their application for the additional interest allowance, and plaintiff now appeals from Special Term's order and the amended judgment entered thereon. We hold that the challenged order and judgment should be reversed. Pursuant to the statutes controlling this 1974 condemnation, i.e., chapters 967 and 1161 of the Laws of 1971 (see *Amsterdam Urban Renewal Agency v Montgomery County Trust Co.*, 78 Misc 2d 292), plaintiff properly offered defendants an advance payment equal to plaintiff's determination of the full value of the claim, and if defendants had refused the payment, the money could then have been deposited by plaintiff with the court. Significantly, from the date of such an advance payment or deposit, plaintiff would no longer have been liable to pay interest to defendants on that portion of the award (see L 1971, ch 1161, § 1, subds 1, 2, 3). In the present instance, since it is undisputed that plaintiff deposited no money with the court, the central question presented is whether or not plaintiff made a payment of the $31,000 at issue to defendants in accordance with the above-cited statutes so that it was no longer liable to defendants for interest on that sum, and in our judgment, given the facts of this case, such a payment clearly was made. It is uncontested that plaintiff tendered the $31,000 payment to defendants by mailing a check in September of 1974, and upon receipt of the check by defendants' attorney, he acknowledged receiving a "draft in the amount of $31,170.14, representing 100% payment" in a reply to plaintiff dated September 16, 1974. Thereafter, defendants merely retained the check without cashing it and never notified plaintiff that they were refusing to accept the check as payment of the $31,000. It is further noteworthy that no statute or regulation has been cited which required plaintiff to make the payment in cash rather than by check and that defendant would not have waived their right to seek compensation for their property in excess of the $31,000 by their acceptance of that sum from plaintiff (L 1971, ch 1161, § 1, subd 4). Under these circumstances, we conclude that defendants did not refuse the $31,000 payment by their mere retention of the check and that, consequently, plaintiff was never put on notice, as envisioned by the pertinent statute (L 1971, ch 1161, § 1, subd 2), that it would have to deposit the funds in question with the court in order to avoid liability for interest payments thereon. Such being the case, plaintiff was justified in believing that its payment of the $31,000 had been accepted, and Special Term erred when it amended the original judgment to increase the interest allowance. In so ruling, we lastly note that section 4-404 of the Uniform Commercial Code upon which defendants rely and which renders a check "stale" six months after its date,

does not require a contrary result. This provision is inapplicable to defendants because it was enacted for the protection of the drawee bank on a check (see *Advanced Alloys v Sergeant Steel Corp.*, 79 Misc 2d 149) and relates solely to the rights between the bank and its customer (see *Commercial Ins. Co. of Newark, N. J. v Scalamandre*, 56 Misc 2d 628). Moreover, by its express terms the provision permits a drawee bank to honor a check over six months old. Order and amended judgment reversed, on the law and the facts, with costs, and original judgment reinstated. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.