In the Matter of the Estate of FLOYD C. PICKARD, Deceased, Appellant. MANUFACTURERS AND TRADERS TRUST COMPANY, Respondent.

Fourth Department, November 4, 1983

APPEARANCES OF COUNSEL

*Fagan & Sheffield* (*Charles Fagan* of counsel), for appellant.

*Hodgson, Russ, Andrews, Woods & Goodyear* (*Robert W. Keller* of counsel), for respondent.

### OPINION OF THE COURT

HANCOCK, JR., J. P.

Section 3-407 (subd [2], par [a]) of the Uniform Commercial Code provides that, as against anyone other than a subsequent holder in due course, a fraudulent and material alteration of an instrument by a holder "discharges any party whose contract is thereby changed unless that party assents or is precluded from asserting the defense". Paragraph (b) of subdivision (2) of that section provides that "no other alteration discharges any party and the instrument

may be enforced according to its original tenor". This appeal from an order of Surrogate's Court concerns the effect of these provisions where alterations to the instrument are assented to by the obligor.

Here, a demand note given to petitioners by decedent originally bore an 8% interest rate. The note was thereafter altered numerous times by petitioners to reflect increased interest rates. These changes, the trial court found, were made with the knowledge of the obligor who, without protest, made monthly interest payments based on the increased rates. We affirm these findings and conclude that as a party which has assented to the alterations under paragraph (a), the estate may not be discharged from its obligation under the note (see Uniform Commercial Code, § 3-407, subd [2], par [a]; *Booth v Powers,* 56 NY 22, 31; *Marjax Enterprises v Upstate Hiawatha Plaza Co.,* 62 AD2d 1159).

The remaining question is whether the court properly enforced the instrument as bearing the higher rate of interest according to its altered terms. The estate argues that paragraph (b) requires that the instrument be "enforced according to its original tenor" and not as altered. We disagree. We read paragraph (b) as intended to apply to circumstances other than those covered by paragraph (a), i.e., to apply where there has been an alteration which is not both fraudulent and material and to which the obligor has not assented. In such a case, the obligor is not discharged and the instrument will be "enforced according to its original tenor" pursuant to paragraph (b) (Uniform Commercial Code, § 3-407, subd [2], par [b]; see, e.g., *Wilcox Press v Beauty Fashion,* 73 AD2d 988; *New Britain Nat. Bank v Baugh,* 31 AD2d 898). In contrast, where, as here, the alteration by the holder is made with the assent of the obligor, paragraph (b) does not apply and the instrument as altered should be given effect. This comports with a commonsense reading of the statute; it would be anomalous to hold that although the obligor assented to the change and thus is not discharged under paragraph (a), he is not bound by the agreed-upon change under paragraph (b). It is an established rule of statutory construction that "[a] sensible construction of a statute is preferred to one

which is absurd" (McKinney's Cons Laws of NY, Book 1, Statutes, § 145, p 296). Our conclusion is also supported by out-of-State decisions construing section 3-407 of the Uniform Commercial Code (see, e.g., *Bluffestone v Abrahams,* 125 Ariz 42; *Commercial Credit Corp. v Bryant,* 490 SW2d 644 [Tex Civ App]; *Teratron Gen. v Institutional Investors Trust,* 18 Wn App 481).

The order should be affirmed.

DENMAN, BOOMER, GREEN and O'DONNELL, JJ., concur.

Order unanimously affirmed, with costs.