■ BILTMORE ASSOCIATES LTD., Respondent, v MARINE MIDLAND BANK, N. A., Appellant.—Order unanimously affirmed with costs. Memorandum: Defendant, Marine Midland Bank, appeals from an order of Supreme Court granting summary judgment to plaintiff for $22,036.70 representing the amount payable on an "official check" issued by the bank at the request of plaintiff's representative. We conclude that Supreme Court properly granted plaintiff's motion for summary judgment. The check was issued by the bank as payor and was made payable to the Internal Revenue Service. Plaintiff mailed the check to its Florida office for forwarding to the Internal Revenue Service. When the manager of the Florida office received the check, he altered, without authority, the name of the payee from "Internal Revenue Service" to "Plantation Island for Internal Revenue Service". The check was indorsed by the Plantation Homeowner's Association, a bank in Florida honored the check, and the proceeds were paid into the account of the Plantation Island Homeowner's Association. Defendant, in turn, accepted the check and paid the face amount to the Florida bank.

Those undisputed facts indicate that the check was materially altered by changing the name of the payee (UCC 3-407 [1]). Thus, when the check was accepted and paid by defendant, it was not " 'properly payable' " and the account of plaintiff's representative could not be charged for the amount of the check *(Kosic v Marine Midland Bank,* 76 AD2d 89, 91, *affd* 55 NY2d 621).

In opposition to the motion for summary judgment, defendant failed to set forth facts creating an issue of fact for trial. Defendant contends on appeal that there is an issue of fact concerning the negligence of plaintiff in delivering the check to its Florida office rather than directly to the Internal Revenue Service. The fact that an employee of plaintiff dishonestly altered the check did not relieve defendant of its liability for the improper acceptance of the check *(see, Tonelli v Chase Manhattan Bank,* 41 NY2d 667, 671-672). There is no showing here that the manner in which the check was written facilitated the alteration of the check.

There is no merit to defendant's contention that the action was not brought by the proper party. (Appeal from Order of Supreme Court, Monroe County, Patlow, J.—Summary Judgment.) Present—Denman, P. J., Doerr, Boomer, Pine and Balio, JJ.