■ DAVIS AUCTION HOUSE, INC., Respondent, v ONTARIO NATIONAL BANK, Appellant and Third-Party Plaintiff, et al., Third-Party Defendant and Fourth-Party Plaintiff, et al.,

Fourth-Party Defendant. (Appeal No. 1.) [609 NYS2d 707] —Judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: Plaintiff Davis Auction House, Inc., the drawer of a check for $13,000 on its account with defendant, Ontario National Bank (ONB), commenced this action to hold ONB liable for negligence in paying the check despite the fact that it had been altered. Fourth-party defendant, Art Investment Corporation (AIC), the payee, had altered the date on the check from "2/28/89" to "2/28/1990" before depositing it at third-party defendant, The Bank of New York (BNY). BNY credited the account of AIC and forwarded the check to ONB, which paid the check and debited plaintiff's account. Subsequently, plaintiff sued ONB, which impleaded BNY, which in turn impleaded AIC.

ONB appeals from a judgment awarding plaintiff the principal sum of $13,000 on plaintiff's main claim (appeal No. 1), and BNY appeals from an order and judgment awarding ONB $13,000 on its third-party claim for indemnification against BNY (appeal No. 3). Both appellants contend that the court erred in determining that the check had been materially altered and that ONB was negligent in its handling of the check.

We conclude that the check was not materially altered, and that the bank thus was not negligent in paying the item in accordance with its original tenor. Pursuant to UCC 3-407 (2) (a), only "alteration by the holder which is both fraudulent and material" discharges the drawer of the check (*Matter of Pickard,* 97 AD2d 61, 61-62; *New Britain Natl. Bank v Baugh,* 31 AD2d 898). To constitute a material alteration under the Code, the alteration must "change * * * the contract of any party thereto in any respect" (UCC 3-407 [1]), i.e., it must work some change in the rights, obligations, or relations of the parties (*see generally,* Annotation, *What Constitutes "Fraudulent and Material" Alteration of Negotiable Instrument Under UCC 3-407 [2] [a],* 88 ALR3d 905). "[A]ny change in the contract of a party, however slight, is a material alteration"; conversely, "the addition or deletion of words which do not in any way affect the contract of any previous signer is not material" (UCC 3-407 Comment 1).

The date on the check was postponed one year. Under the Code, in contradistinction to pre-Code law, a postponement of the date on a check, unlike an advance or acceleration of the date, is not a material alteration (*see,* UCC 3-407 Comment 1; UCC 3-304 Comment 2). In issuing the check, plaintiff under-

took to pay AIC or any subsequent holder $13,000 "on demand" on or after February 28, 1989 (UCC 3-104 [2] [b]; *see also,* UCC 3-413 [2]). As altered, the check represented plaintiff's undertaking to pay AIC or any subsequent holder $13,000 "on demand" on or after February 28, 1990. Since February 28, 1990 is on or after February 28, 1989, the contract of the drawer remained the same after the alteration as it had been before. Thus, the alteration was not material *(cf., Placido v Citizens Bank & Trust Co.,* 38 Md App 33, 379 A2d 773; *Hutcheson v Herron,* 131 Ill App 2d 409, 266 NE2d 449). In reaching our conclusion, we note that the date of issuance of a check is irrelevant from the standpoint of the Statute of Limitations *(see,* UCC 3-122 [3]), and that an alteration that postpones the date on a check thus cannot be deemed material on the theory that it extends plaintiff's liability.

The provisions of the Code undercut the court's finding that ONB was negligent in its handling of the check. UCC 4-401 authorizes a drawee bank to charge its customer's account with those items that are properly payable and, by negative implication, requires the drawee bank to refrain from charging the customer's account only for those items not properly payable *(see generally, Kosic v Marine Midland Bank,* 76 AD2d 89, 91, *affd* 55 NY2d 621; *Biltmore Assocs. v Marine Midland Bank,* 178 AD2d 930). With respect to altered items, UCC 4-401 (2) (a) authorizes a drawee bank that in "good faith" has made payment to a holder to charge the account of its customer to the extent of "the original tenor of his altered item" *(Franklin Natl. Bank v Bank of Westbury Trust Co.,* 65 Misc 2d 604, 606; *cf.,* UCC 3-407 [3]; *see generally,* White and Summers, Uniform Commercial Code § 17-3, at 658-659 [2d ed]). "Good faith" means "honesty in fact" in the transaction (UCC 1-201 [19]).

Applying those rules, we conclude that ONB properly charged plaintiff's account for the altered check because the charge, $13,000, did not exceed the "original tenor", and because there is no indication that the bank acted dishonestly. Because the bank acted within its statutory authority in paying the item in accordance with its original tenor, the question of the bank's negligence is immaterial. Similarly, the bank cannot be held negligent or otherwise be deemed to have violated its statutory obligations to its customer merely by having paid a "stale" check *(see,* UCC 4-404; *M. G. Sales v Chemical Bank,* 161 AD2d 148, 150; *Amsterdam Urban Renewal Agency v McGrattan,* 91 AD2d 792, 793-794, *affd* 59 NY2d 624; *Granite Equip. Leasing Corp. v Hempstead Bank,*

68 Misc 2d 350, 352; *see also,* White and Summers, Uniform Commercial Code § 17-3, at 662-664 [2d ed]).

In accordance with the foregoing, the judgment in favor of plaintiff against ONB on the main claim must be reversed and the complaint dismissed. Because ONB is not liable on the main claim, BNY cannot be held liable on ONB's third-party claim for indemnification and is entitled to dismissal of the third-party complaint. BNY cannot be held to have breached its warranty of presentment inasmuch as the check had not been materially altered *(see,* UCC 3-417 [1] [c]; [2] [c]; 4-207 [1] [c]; [2] [c]). (Appeal from Judgment of Supreme Court, Ontario County, Harvey, J.—Negligence.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.