68 Misc 2d 350, 352; *see also,* White and Summers, Uniform Commercial Code § 17-3, at 662-664 [2d ed]).

In accordance with the foregoing, the judgment in favor of plaintiff against ONB on the main claim must be reversed and the complaint dismissed. Because ONB is not liable on the main claim, BNY cannot be held liable on ONB's third-party claim for indemnification and is entitled to dismissal of the third-party complaint. BNY cannot be held to have breached its warranty of presentment inasmuch as the check had not been materially altered *(see,* UCC 3-417 [1] [c]; [2] [c]; 4-207 [1] [c]; [2] [c]). (Appeal from Judgment of Supreme Court, Ontario County, Harvey, J.—Negligence.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.

■ DAVIS AUCTION HOUSE, INC., Respondent, v ONTARIO NATIONAL BANK, Appellant and Third-Party Plaintiff. BANK OF NEW YORK, Third-Party Defendant and Fourth-Party Plaintiff, et al., Fourth-Party Defendant. (Appeal No. 2.) [609 NYS2d 886] —Appeal unanimously dismissed without costs *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988). (Appeal from Order of Supreme Court, Ontario County, Harvey, J.—Negligence.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.

■ DAVIS AUCTION HOUSE, INC., Plaintiff, v ONTARIO NATIONAL BANK, Defendant and Third-Party Plaintiff-Respondent. BANK OF NEW YORK, Third-Party Defendant-Appellant and Fourth-Party Plaintiff, et al., Fourth-Party Defendant. (Appeal No. 3.) [609 NYS2d 887] —Order and judgment unanimously reversed on the law without costs and third-party complaint dismissed. Same Memorandum as in *Davis Auction House v Ontario Natl. Bank* ([appeal No. 1] 201 AD2d 878 [decided herewith]). (Appeal from Order and Judgment of Supreme Court, Ontario County, Harvey, J.—Alteration of Commercial Instrument.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS PORTER, Appellant. [607 NYS2d 796] —Judgment unanimously affirmed. Memorandum: The trial court did not abuse its discretion in denying defendant's motion, made at the time of trial, for an adjournment for 30 days to retain new counsel *(see, People v Arroyave,* 49 NY2d 264, 271). Defendant knowingly, voluntarily and intelligently relinquished his right to be present at trial *(see, People v Epps,* 37 NY2d 343, 349-351, *cert*