■ THEODORE & THEODORE ASSOCIATES, INC., et al., Respondents, v A.I. CREDIT CORP., Appellant, et al., Defendants.—In an action, *inter alia,* for a permanent injunction barring the defendants from commencing an action against the plaintiffs to repossess certain computer equipment, the defendant A.I. Credit Corp., appeals from so much of an order of the Supreme Court, Kings County (Held, J.), dated November 17, 1989, as denied its cross motion for summary judgment and for an order of seizure pursuant to CPLR article 71.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the matter is remitted to the Supreme Court, Kings County, for entry of an order of seizure.

On June 13, 1988, the plaintiff Theodore & Theodore Associates, Inc. (hereinafter Theodore) agreed to a lease buy-back arrangement whereby it would make monthly payments to Execulease Corporation for computer equipment provided by the defendants Efficient Data Processing, Inc. (hereinafter EDP) and MAI Basic 4, Inc. (hereinafter MAI). The plaintiffs claim that shortly after this equipment was installed they discovered that the computer system would not perform the functions for which it was purchased. Theodore, nevertheless, made payments on the equipment while EDP and MAI claimed to be working on the problem. Execulease Corporation thereafter assigned the lease to Ultra Funding Corp., which in

turn assigned the lease to the appellant. Theodore consented in writing to the assignment to the appellant, and also agreed to make payments to the appellant unconditionally.

In January 1989 Theodore, asserting that the equipment still failed to operate, stopped making payments on the lease. In August 1989 the plaintiffs commenced the instant action, *inter alia,* to enjoin the appellant from commencing an action against them to repossess the computer equipment and to collect the moneys due, until the court declared the rights and obligations of the parties. The plaintiffs alleged that EDP, Execulease, and Norman Goldberg, the vice president of Execulease, fraudulently represented to the plaintiffs that the computer system would perform certain functions and that the system failed to perform those functions from the time the equipment was purchased.

The appellant counterclaimed against the plaintiffs, and cross-moved for an order of seizure pursuant to CPLR article 71, and for summary judgment pursuant to CPLR 3212. The Supreme Court denied both branches of the cross motion, finding the existence of triable issues of fact. This appeal ensued.

We find that with respect to the plaintiffs' obligation to the appellant, no issues of fact exist. The "Lessee's Acknowledgement" executed by Theodore provides that Theodore's obligation to make lease payments to the appellant "shall be absolutely unconditional". In addition, Theodore promised in writing to make such payments to the appellant "notwithstanding any defense, set-off or counterclaim whatsoever" Theodore may have had against Execulease. Moreover, the plaintiffs' cause of action sounding in fraud does not relate to the appellant. Indeed, the plaintiffs have asserted that were it not for the fraud of the other parties, they would have no relationship at all with the appellant. Consequently, the plaintiffs have raised no triable issues of fact concerning Theodore's obligation to make payments to the appellant. Therefore, the appellant is entitled to summary judgment.

We also grant that branch of the appellant's cross motion which was for an order of seizure, and remit the matter for the entry of such an order. The record indicates that Theodore is in possession of the equipment, and that it has made no payments under the lease since January 1989. Additionally, the record indicates no defenses against the appellant's claim to the equipment *(see,* CPLR 7102; *Bayside Fuel Oil Depot Corp. v Savino Oil & Heating Co.,* 133 AD2d 658). Bracken, J. P., Kunzeman, Sullivan and Rosenblatt, JJ., concur.