■ ORIX CREDIT ALLIANCE, INC., Respondent, v GRACE INDUSTRIES, INC., et al., Appellants. [648 NYS2d 949] —In an action, *inter alia,* for the replevin of a chattel and to recover payments under a lease, the defendants appeal from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated August 24, 1995, which, *inter alia,* granted the plaintiff's motion pursuant to CPLR 7102 for an order authorizing the seizure of the chattel.

Ordered that the order is affirmed, with costs.

Contrary to the defendants' contention, the Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion for an order of seizure since the plaintiff established both a likelihood of success in the action and the absence of a valid defense to its claim (*see,* CPLR 7102 [c], [d]; *Bendat v Premier Broadcast Group,* 175 AD2d 536; *Theodore & Theodore Assocs. v A.I. Credit Corp.,* 172 AD2d 824; *Bayside Fuel Oil Depot Corp. v Savino Oil & Heating Co.,* 133 AD2d 658). Specifically, the plaintiff demonstrated that the defen-

dant Grace Industries, Inc., failed to properly exercise an option to purchase the construction equipment at issue in accordance with the terms set forth in the parties' letter agreement. The defendants' contention that their noncompliance with the purchase option requirements was improperly raised for the first time in the plaintiff's reply papers on the motion is without merit, and it is clear that the defendants received an adequate opportunity to respond to the claim. Furthermore, the defendants' estoppel defense is unpersuasive inasmuch as it is premised upon other transactions between the parties which, as the defendants conceded in their answer, did not involve the written purchase option agreement at issue here. Rosenblatt, J. P., Miller, Sullivan and McGinity, JJ., concur.