■ ROBERT BROYLES, III, Respondent, v JAMES DEFELICE, Appellant, and RICHARD EDELMAN et al., Respondents. [654 NYS2d 671] —In an action to recover damages for personal injuries, the defendant James Defelice appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Seidell, J.), dated April 23, 1996, as denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that on a motion for summary judgment the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to

demonstrate the absence of any material issues of fact (*see, Orix Credit Alliance v Grace Indus.*, 232 AD2d 537; *Skiadis v Terovolas,* 219 AD2d 635). When a moving party fails to meet his evidentiary burden, the motion must be denied regardless of the sufficiency of the opposing papers (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). The appellant here failed to establish his entitlement to judgment as a matter of law. Issues of fact clearly exist as to whether he was responsible for causing the plaintiff to sustain his injuries (*see, Grassick v Hicksville Union Free School Dist.,* 231 AD2d 604; *Myers v Kamalian,* 231 AD2d 616; *Landisi v Beacon Community Dev. Agency,* 180 AD2d 1000, 1002). Bracken, J. P., Santucci, Krausman and McGinity, JJ., concur.