In an action, inter alia, for replevin and to recover damages for breach of three equipment leases, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Grays, J.), entered May 16, 2011, which denied its motion pursuant to CPLR 7102 for an order of seizure, and (2), as limited by its brief, from so much an order of the same court entered November 29, 2011, as, upon reargument, adhered to the determination in the order entered May 16, 2011, and denied that branch of the plaintiffs motion which was for leave to renew its motion pursuant to CPLR 7102 for an order of seizure.
Ordered that the appeal from the order entered May 16, 2011, is dismissed, as that order was superseded by the order entered November 29, 2011, made upon reargument; and it is further,
Ordered that the order entered November 29, 2011, is reversed insofar as appealed from, on the law, upon reargument, the order entered May 16, 2011, denying the plaintiffs motion pursuant to CPLR 7102 for an order of seizure is vacated, the plaintiffs motion pursuant to CPLR 7102 for an order of seizure is granted, that branch of the plaintiffs motion which was for leave to renew its motion pursuant to CPLR 7102 for an order of seizure is denied as academic, and the matter is remitted to the Supreme Court, Queens County, for the entry of an order of seizure; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
The defendant Magnetic Resonance Imaging Associates of Queens, EC. (hereinafter MRI Associates), leased medical equipment from the plaintiff pursuant to three leases. After MRI Associates defaulted in making its payments under the leases, the plaintiff commenced this action seeking, inter alia, replevin of the leased equipment and to recover damages for breach of the leases.
*621 After commencing the action, the plaintiff moved for an order of seizure pursuant to CPLR 7102. The defendants opposed the motion, contending, inter alia, that MRI Associates was fraudulently induced to enter into the three leases because the equipment was not “state of the art” and never performed as promised, and that the plaintiff failed to service and maintain the equipment as agreed.
Upon reargument, the Supreme Court should have granted the plaintiffs motion for an order of seizure pursuant to CPLR 7102. On a motion for an order of seizure, a plaintiff must demonstrate a likelihood of success on its cause of action for replevin and the absence of a valid defense to its claim (see CPLR 7102 [c], [d]; Astrep Serv. Corp. v Banco Popular N. Am., 19 AD3d 341 [2005]; Stoll Am. Knitting Mach. v Creative Knitwear Corp., 5 AD3d 586, 586-587 [2004]; Zweng v Thompson, 283 AD2d 641 [2001]). Here, the plaintiff made such a showing (see Theodore & Theodore Assoc. v A.I. Credit Corp., 172 AD2d 824, 825 [1991]). Contrary to the determination of the Supreme Court, under the circumstances of this case, MRI Associates’s contention that it was fraudulently induced into entering into the leases would not constitute a defense to the plaintiffs cause of action for replevin of the equipment. Even if the leases were rescinded on the ground of fraudulent inducement, MRI Associates has not demonstrated a superior right to possession of the equipment (cf. Scutti Pontiac v Rund, 92 Misc 2d 881, 882-885 [1978]).
In light of our determination, we need not reach the plaintiffs remaining contentions. Skelos, J.P, Florio, Lott and Miller, JJ., concur.