In an action, inter alia, for replevin and to recover damages for breach of an equipment lease, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Lane, J), dated April 3, 2012, which denied its motion pursuant to CPLR 7102 for an order of seizure, and (2), as limited by its brief, from so much of an order of the same court dated June 4, 2012, as, upon reargument, adhered to the determination in the order dated April 3, 2012.
Ordered that the appeal from the order dated April 3, 2012, is dismissed, as that order was superseded by the order dated June 4, 2012, made upon reargument; and it is further,
Ordered that the order dated June 4, 2012, is reversed insofar as appealed from, on the law, upon reargument, the order dated April 3, 2012, is vacated, the plaintiffs motion pursuant to CPLR 7102 for an order of seizure is granted, and the matter is remitted to the Supreme Court, Queens County, for the entiy of an order of seizure; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
*899 The defendant Interdimensional Interiors, Inc. (hereinafter Interdimensional), leased equipment from the plaintiff pursuant to an equipment lease. After Interdimensional defaulted in making its payments under the lease, the plaintiff commenced this action seeking, inter aha, replevin of the leased equipment and to recover damages for breach of the lease. After commencing the action, the plaintiff moved for an order of seizure pursuant to CPLR 7102. The Supreme Court denied the plaintiff’s motion, finding, inter alia, that the plaintiff failed to demonstrate that it would suffer irreparable injury if the order was not issued. The court then granted the plaintiffs motion for leave to reargue and, upon reargument, adhered to its original determination.
Upon reargument, the Supreme Court should have granted the plaintiffs motion for an order of seizure pursuant to CPLR 7102. Pursuant to CPLR 7102 (c) and (d), on a motion for an order of seizure, a plaintiff must demonstrate a likelihood of success on its cause of action for replevin and the absence of a valid defense to its claim (see Americredit Fin. Servs., Inc. v Decoteau, 103 AD3d 761, 762 [2013]; Siemens Med. Solutions USA, Inc. v Magnetic Resonance Imaging Assoc. of Queens, P.C., 100 AD3d 620, 621 [2012]; Astrep Serv. Corp. v Banco Popular N. Am., 19 AD3d 341 [2005]; Stoll Am. Knitting Mach. v Creative Knitwear Corp., 5 AD3d 586, 586-587 [2004]; Zweng v Thompson, 283 AD2d 641 [2001]). Here, the plaintiff made such a showing (see Siemens Med. Solutions USA, Inc. v Magnetic Resonance Imaging Assoc. of Queens, PC., 100 AD3d at 621; Theodore & Theodore Assoc. v A.I. Credit Corp., 172 AD2d 824 [1991]). Contrary to the court’s determination, the plaintiff was not required to demonstrate that it would suffer irreparable injury in order to obtain an order of seizure pursuant to CPLR 7102.
Accordingly, the matter must be remitted to the Supreme Court, Queens County, for the entry of an order of seizure. Dillon, J.P, Chambers, Roman and Cohen, JJ., concur.