MARTIN L. SHAYNE, Respondent, v. WILLIAM H. REYNOLDS, Appellant.

First Department, December 28, 1928.

*David B. Tolins*, for the appellant.

*Joseph L. Greenberg*, for the respondent.

McAvoy, J.  The order, made at Special Term and now here for review, granted plaintiff's motion for summary judgment against the defendant in the sum of $1,433.07.

The complaint is based upon the execution of a bond for $1,000 which was to have become due in December, 1929.  It is alleged that in June, 1917, a certain water company which executed the bond defaulted in the payment of interest due on such bond and that under the terms thereof the principal immediately became due and payable.  Further, the pleader states that on June 1, 1917, the sum of $143.15, being part of the proceeds of a sale under foreclosure of the mortgaged property securing the bond, was paid on account of the principal, and it is then alleged that the defendant, for a valuable consideration duly indorsed upon the bond, guaranteed to the holder thereof the payment of the bond.  Demand is made for the balance amounting to $856.85.  Defendant's answer admits the guaranty of the payment of the bond prior to June 1, 1917, and sets up the Statute of Limitations, by which plea in bar it asserts that the alleged cause of action stated in the complaint did not accrue within six years before the commencement of the suit.  Defendant also alleged that after the foreclosure of the trust mortgage securing the bond the owner of the bond and others organized a new water company and issued to themselves shares of stock in such company in return for the cancellation of the bonds of the old company; that the owner of the bond on the 26th of January, 1924, turned in the bond to the new water company and received ten shares of the common stock in return; and that the bond of the old company has been canceled and surrendered by agreement between the owner and the new water company.

Besides the defense runs that the plaintiff is not a holder in due course and had notice of the fact that the bond was worthless at the time of his acquisition of it.

We think the plea of the Statute of Limitations is of itself sufficient upon which to go to trial as the proof is exhibited in the affidavits opposing the application.

The bond in suit became due and payable on December 1, 1929. The complaint admits the maturity date, but alleges that on the 1st day of June, 1917, the Blythebourne Water Company failed to pay the interest thereon, and under the terms of the deed of trust under which the bond was issued the interest became due and payable and thereupon the whole principal sum also became due and payable by agreement, if the holder so elected.

Either the plaintiff's cause of action against the guarantor of the bond accrued immediately upon the default on June 1, 1917, when, as the complaint alleges, the principal became due and payable for default in interest payment and election to declare the whole sum due, or the cause of action against the defendant as guarantor will not accrue until December 1, 1929, when the bond would have been due if its course had run. Plaintiff's bringing of the action prior to the due time of the bond must depend upon the default of the payment of the principal by the Blythebourne Water Company on June 1, 1917, as alleged in the complaint. The suit when brought against the guarantor in April, 1928, was, therefore, barred under the Statute of Limitations since the action thus accrued in June, 1917.

The payment made by the referee in foreclosure of $143.15 from the proceeds of the sale under foreclosure judgment on December 21, 1923, did not revive the debt as of that date because it was not made by the obligor on the bond or by any one with authority to bind such obligor.

We think that the judgment and order were incorrect and should be reversed, with costs, and the motion denied, with ten dollars costs.

Dowling, P. J., Merrell, Finch and Proskauer, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.