■ BAYSIDE FUEL OIL DEPOT CORP., Respondent, v V. SAVINO OIL & HEATING CO., INC., et al., Defendants and Third-Party Plaintiffs and Counterclaim-Appellants, et al., Defendants, and CHEMICAL BANK, Defendant and Counterclaim-Defendant-Respondent, et al., Third-Party Defendants and Counterclaim-Defendants.—In an action, inter alia, to foreclose on a security agreement, V. Savino Oil & Heating Co., Inc. (hereinafter Savino Oil) and Vincent Savino, appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Kings County (Hurowitz, J.), dated May 4, 1987, as granted Chemical Bank's motion for an order directing the Sheriff to seize certain assets of Savino Oil in which Chemical Bank has

a security interest; (2) an order of the same court, also dated May 4, 1987, as treated the plaintiff's motion for seizure of certain of Savino Oil's assets in which the plaintiff held a security interest and for appointment of a receiver to collect Savino Oil's accounts receivable and to apply its income to amounts due the plaintiff as a motion for summary judgment, granted said motion, subject to Chemical Bank's prior rights, and set the matter down for a hearing to determine the exact amount owed by Savino Oil to the plaintiffs; and (3) an order of the same court, also dated May 4, 1987, as struck the affirmative defenses of the defendant Vincent Savino and granted summary judgment to the plaintiff against that defendant and against Savino Oil, and set the matter down for a hearing to determine the exact amount owed by those defendants.

Ordered that the order granting Chemical Bank's motion is modified, on the law, by adding a provision that Chemical Bank shall post an undertaking pursuant to CPLR 7102; as so modified, order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Kings County, for a determination of the amount of the undertaking; and it is further,

Ordered that the remaining two orders are affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The promissory notes upon which Chemical Bank seeks to collect contain clauses wherein Savino Oil waived its right to assert any defenses or counterclaims. While such a provision will not bar a counterclaim sounding in fraud *(Federal Deposit Ins. Corp. v Marino Corp.,* 74 AD2d 620), the evidence in the record does not support Savino Oil's allegations of fraud. Chemical Bank was therefore entitled to an order of seizure. All the requisites of CPLR article 71 were met except for the posting of an undertaking. Chemical Bank essentially concedes that the latter omission is an error and we modify the order to require the posting of an undertaking in an amount to be set by the Supreme Court, Kings County.

The evidence in the record also totally fails to support Savino Oil's claims against the plaintiff of economic duress, monopoly, and violation of the Donnelly Act *(see,* General Business Law § 340). All of the plaintiff's actions were justified as sound business practices rather than as coercive measures to drive a competitor out of business. Furthermore, the evidence presented by Savino Oil itself showed that its unstable

economic situation was created by events totally unrelated to the plaintiff's credit practices. Savino Oil's claim of usurious business rates is not supported by the evidence, and its defense of failure to join necessary parties was obviated by the joinder of these parties.

Vincent Savino's defense that the plaintiff's claim based on his 1979 guarantee is time barred is without merit. The Statute of Limitations on a guarantee does not start to run until the principal is in default (*Columbus Trust Co. v Campolo*, 110 AD2d 616, *affd* 66 NY2d 701; *Gazza v United Cal. Bank Intl.*, 88 AD2d 968, 969). This default occurred only in 1986, so the claim based on the guarantee is timely.

We have examined the appellants' remaining contentions and find them to be without merit. The plaintiff was entitled to summary judgment. Mangano, J. P., Bracken, Brown and Niehoff, JJ., concur.