■ STEVEN HABER, Appellant, v NANCY NASSER, Formerly Known as NANCY TOUSSIE, et al., Respondents, et al., Defendants. [733 NYS2d 720] —In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (S. Leone, J.), dated February 16, 2000, which granted the motion of the defendants Nancy Nasser, f/k/a Nancy Toussie, the Estate of Marie Toussie, and the Estate of Samuel Toussie, to dismiss the complaint insofar as asserted against them as time-barred and to cancel and discharge the mortgage.

Ordered that the order is affirmed, with costs.

In December 1988 the Please, Thank You Corporation (hereinafter the corporation) entered into a factoring agreement with BNY Financial Corporation (hereinafter BNY). The corporation's debt under the factoring agreement was guaranteed by its two shareholders, Sam Antar and Samuel Toussie, and by Samuel Toussie's mother, Marie Toussie. Marie Toussie's guaranty was secured by a mortgage on property located at 2014 East 5th Street in Brooklyn, New York. Samuel Toussie died in 1990, Marie Toussie died in 1993, and the respondent Nancy Nasser, f/k/a Nancy Toussie (hereinafter Nasser) was recorded as the owner of 2014 East 5th Street in June 1994.

In August 1991 the corporation defaulted on its debt to BNY,

and Antar personally paid off the debt. In exchange, Antar received, *inter alia*, the corporation's assets, and was assigned BNY's interest in Marie Toussie's guaranty and the mortgage. A public auction was held of the corporation's assets in September 1991. Antar did not seek to collect on Marie Toussie's guaranty or foreclose the mortgage.

In April 1999 Antar assigned his interest in Marie Toussie's guaranty and the mortgage to the plaintiff. In July 1999 the plaintiff commenced this action to foreclose the mortgage against, among others, the respondents Nasser, the Estate of Marie Toussie, and the Estate of Samuel Toussie.

The Supreme Court properly granted that branch of the respondents' motion which was to dismiss the complaint insofar as asserted against them as time-barred (*see,* CPLR 3211 [a] [5]). The six-year Statute of Limitations applicable to a guaranty begins to run when the debtor defaults on the underlying debt (*see, Gazza v United Cal. Bank Intl.,* 88 AD2d 968; *Orix Credit Alliance v Horten,* 965 F Supp 481; CPLR 213). Since the corporation defaulted in 1991, this action, which was commenced in 1999, was untimely.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Altman, Goldstein and H. Miller, JJ., concur.