Chicago Tit. Ins. Co. v Brookwood Tit. Agency, LLC (2020 NY Slip Op 00398)





Chicago Tit. Ins. Co. v Brookwood Tit. Agency, LLC


2020 NY Slip Op 00398


Decided on January 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2018-12429
 (Index No. 507480/18)

[*1]Chicago Title Insurance Company, respondent,
v
Brookwood Title Agency, LLC, et al., appellants.


Zilberberg Einhorn Karpel, P.C., Brooklyn, NY (Samuel Karpel of counsel), for appellants.
Fidelity National Law Group, New York, NY (Christopher Balala of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover on a personal guaranty, the defendants appeal from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated August 24, 2018. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) to dismiss the second and third causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant Brookwood Title Agency, LLC (hereinafter Brookwood), served as the policy issuing agent for the plaintiff, Chicago Title Insurance Company (hereinafter Chicago Title), pursuant to an issuing agency contract. In that contract, Brookwood agreed to indemnify and save harmless Chicago Title for all losses resulting from certain errors or omissions. The defendant Mendel Zilberberg, Brookwood's manager, executed a personal guaranty which provided: "the undersigned . . . hereby guarantee the full and faithful performance of the obligations of [Brookwood] under the Issuing Agency Contract, as amended; and the undersigned do hereby agree to fully indemnify [Chicago Title] and save [Chicago Title] harmless from any and all loss resulting from delinquent remittances and any shortage in the escrow accounts of [Brockwood]."
Chicago Title alleges that, in November 2006, Brookwood improperly issued a title insurance policy to cover a mortgage, which resulted in Chicago Title paying a claim after the deed to the mortgagor was voided and the mortgage was cancelled. In April 2018, Chicago Title commenced this action seeking, in the second cause of action, to recover for that loss under the personal guaranty, and in the third cause of action, contractual and common-law indemnification. The defendants moved, inter alia, pursuant to CPLR 3211(a) to dismiss the second and third causes of action. In an order dated August 24, 2018, the Supreme Court denied those branches of the defendants' motion. The defendants appeal.
We agree with the Supreme Court's determination denying that branch of the defendants' motion which was to dismiss the cause of action to recover on the guaranty. Contrary to the defendants' contention, that cause of action is not untimely. The six-year statute of limitations applicable to a guaranty begins to run when the principal is in default (see CPLR 213; Haber v Nasser, 289 AD2d 199, 200; Bayside Fuel Oil Depot Corp. v Savino Oil & Heating Co., 133 AD2d 658, 660). Here, the breach of guaranty cause of action did not accrue until February 19, 2015, when [*2]Brookwood failed to indemnify Chicago Title for the payment Chicago Title made on the claim. Since this action was commenced less than six years later, that cause of action was timely asserted (see Bayside Fuel Oil Depot Corp. v Savino Oil & Heating Co., 133 AD2d at 660).
The defendants also failed to establish that the guaranty, by its terms, did not encompass the obligation to indemnify Chicago Title for the subject loss. "A guaranty is a promise to fulfill the obligations of another party, and is subject to the ordinary principles of contract construction" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 492 [internal quotation marks omitted]). "Under those principles, a written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms'" (id. at 493, quoting Greenfield v Philles Records, 98 NY2d 562, 569). The terms of a guaranty are to be strictly construed, and a guarantor should not be found liable beyond the express terms of the guaranty (see White Rose Food v Saleh, 99 NY2d 589, 591; Solco Plumbing Supply, Inc. v Hart, 123 AD3d 798, 800). Here, in the first clause of the guaranty, Zilberberg guaranteed Brookwood's performance of its obligations under the issuing agency contract. Since that contract included an obligation to indemnify, such indemnification obligation was covered under the guaranty.
Further, under the circumstances of this case, the termination of the issuing agency contract did not extinguish the indemnification obligation of the contract or of the guaranty (see Louis Dreyfus Energy Corp. v MG Ref. & Mktg., 2 NY3d 495, 501, 503; cf. Pierson v Empire State Land Assoc., LLC, 65 AD3d 1114, 1115).
The defendants' remaining contentions are without merit.
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court