Green 333 Corp. v RNL Life Science, Inc. (2020 NY Slip Op 04926)





Green 333 Corp. v RNL Life Science, Inc.


2020 NY Slip Op 04926


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2019-06799
 (Index No. 609474/18)

[*1]Green 333 Corp., respondent, 
v
RNL Life Science, Inc., defendant, R. Bio. Co., Ltd., etc., appellant.


Jeffrey F. Cohen, Bronx, NY, for appellant.
Hollis, Laidlaw & Simon P.C., Mount Kisco, NY (David Simon of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover on a guaranty, the defendant R. Bio. Co., Ltd., appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered April 17, 2019. The order, insofar as appealed from, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the defendant R. Bio. Co., Ltd.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff is the owner and landlord of premises located in Manhattan (hereinafter the subject premises). The plaintiff entered into a written lease with the defendant RNL Life Science, Inc. (hereinafter the tenant), with respect to the subject premises. After the tenant allegedly defaulted on its payment obligations under the lease, the plaintiff commenced this action, inter alia, to recover rent arrears. The plaintiff alleged, among other things, that the performance of the tenant's payment obligations under the lease was guaranteed by the defendant R. Bio. Co., Ltd. (hereinafter the appellant). Subsequently, the defendants moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the appellant. By order entered April 17, 2019, the Supreme Court, among other things, denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the appellant. This appeal ensued.
In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, the court must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 38; Korsinsky v Rose, 120 AD3d 1307, 1308).
To state a cause of action on a guaranty, a plaintiff must allege an underlying obligation, a guaranty, and the prime obligor's default in payment on the underlying obligation (see 82-90 Broadway Realty Corp. v New York Supermarket, Inc., 154 AD3d 797, 798; Superior Fid. Assur., Ltd. v Schwartz, 69 AD3d 924, 925). Here, the complaint sets forth a viable cause of action [*2]on a guaranty, as it alleges that the tenant undertook to pay rent to the plaintiff pursuant to the lease and that the appellant guaranteed the tenant's payment obligations thereunder as well as specifying what payments the tenant missed.
In light of our determination, we need not consider the appellant's remaining contentions.
Accordingly, we agree with the Supreme Court's determination denying that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against the appellant.
LEVENTHAL, J.P., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court