Cadlerock Joint Venture, L.P. v Trombley (2020 NY Slip Op 07534)





Cadlerock Joint Venture, L.P. v Trombley


2020 NY Slip Op 07534


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-11914
 (Index No. 601613/12)

[*1]Cadlerock Joint Venture, L.P., appellant,
v
Jane Trombley, defendant, Paula Holder, et al., respondents.


Vlock & Associates, P.C., New York, NY (Steven Giordano of counsel), for appellant.
Gail M. Blasie, P.C., Garden City, NY, for respondent Howard Anders.



DECISION & ORDER
In an action to recover on three personal guarantees, the plaintiff appeals from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered September 21, 2018. The order, insofar as appealed from, upon renewal and reargument, adhered to a prior determination in an order of the same court dated January 30, 2018, denying that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted the defendants Paula Holder and Howard Anders and granting those branches of those defendants' separate cross motions which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondent Howard Anders.
The facts underlying the dispute between the parties in this action can be found in our decision and order on a prior appeal (see Cadlerock Joint Venture, L.P. v Trombley, 150 AD3d 957). On the prior appeal, this Court by decision and order dated May 17, 2017, reversed a judgment of the Supreme Court entered September 15, 2014, and determined, inter alia, that the branch of the plaintiff's motion which was for summary judgment on the issue of the liability of the defendant guarantors Paula Holder and Howard Anders should have been denied (see id). Thereafter, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against Holder and Anders, and Holder and Anders separately cross-moved, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred. In an order dated January 30, 2018, the Supreme Court granted those branches of the separate cross motions of Holder and Anders which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred and denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Holder and Anders. The court subsequently granted the plaintiff's motion for leave to renew and reargue, but thereupon adhered to its prior determination. The plaintiff appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time [*2]in which to commence the action has expired (see Ross v Jamaica Hosp. Med. Ctr., 122 AD3d 607, 608; Landow v Snow Becker Krauss, P.C., 111 AD3d 795, 796; Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO, 91 AD3d 768, 768-769). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Barry v Cadman Towers, Inc., 136 AD3d 951, 952; see Zaborowski v Local 74, Serv. Empls. Intl. Union, AFL-CIO, 91 AD3d at 769). The six-year statute of limitations applicable to a guaranty begins to run when the principal is in default (see CPLR 213; Chicago Tit. Ins. Co. v Brookwood Tit. Agency, LLC, 179 AD3d 887, 888; Haber v Nasser, 289 AD2d 199, 200; Bayside Fuel Oil Depot Corp. v Savino Oil & Heating Co., 133 AD2d 658, 660).
Here, the defendants met their burden by establishing, prima facie, that the time within which to commence this action had expired. The statute of limitations began to run when the underlying note became due on July 25, 2002, and the principal defaulted in repaying the note. The plaintiff did not commence this action until August 2012, more than six years after the principal's default. In opposition to this prima facie showing, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled or was otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period (see Edem v Wondemagegehu, 175 AD3d 466, 467). Accordingly, we agree with the Supreme Court's determination, upon renewal and reargument, to adhere to its prior determination granting those branches of the separate cross motions of Holder and Anders which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against each of them as time-barred, and denying that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Holder and Anders (see Lew Morris Demolition Co. v Board of Educ. of City of N.Y., 40 NY2d 516, 521; U.S. Bank N.A. v Martin, 144 AD3d 891; Education Resources Inst., Inc. v Piazza, 17 AD3d 513, 515).
CHAMBERS, J.P., COHEN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court