SMG Automotive Holdings, LLC v Kings Automotive Holdings, LLC (2024 NY Slip Op 03704)

SMG Automotive Holdings, LLC v Kings Automotive Holdings, LLC

2024 NY Slip Op 03704

Decided on July 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2022-01134
 (Index No. 502949/21)

[*1]SMG Automotive Holdings, LLC, plaintiff, 
v
Kings Automotive Holdings, LLC, doing business as Kings County Chrysler, Dodge, Jeep & Ram, respondent, et al., defendants; Zachary Schwebel, third-party defendant-appellant, et al., third-party defendant.

Morrison Cohen LLP, New York, NY (Christopher Milito and Joaquin Ezcurra of counsel), for third-party defendant-appellant.

DECISION & ORDER
In an interpleader action to determine entitlement to the proceeds of a promissory note, and a third-party action to recover on a personal guaranty, the third-party defendant Zachary Schwebel appeals from an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated January 31, 2022. The order denied the motion of the third-party defendant Zachary Schwebel pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against him.
ORDERED that the order is reversed, on the law, with costs, and the motion of the third-party defendant Zachary Schwebel pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against him is granted.
On February 7, 2017, the plaintiff, SMG Automotive Holdings, LLC (hereinafter Automotive Holdings), by its operating manager, the third-party defendant Zachary Schwebel, executed a promissory note in favor of the defendant third-party plaintiff, Kings Automotive Holdings, LLC, doing business as Kings County Chrysler, Dodge, Jeep & Ram (hereinafter Kings), in the amount of $2,500,000. The maturity date on the promissory note was February 6, 2021. On the same date that he signed the note on behalf of Automotive Holdings, Schwebel executed a guaranty in which he personally promised "full satisfaction of payment and performance of all obligations" owed by nonparty SMG Auto Enterprises, LLC (hereinafter Auto Enterprises), to Kings under the note.
Automotive Holdings thereafter failed to pay the amount due under the promissory note and commenced this interpleader action to determine the rights and claims of the various parties with respect thereto. Kings then commenced a third-party action against Schwebel, among others, seeking to hold him personally liable under the guaranty and, inter alia, recover the sum of $2,404,600 pursuant to the promissory note. Schwebel moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the third-party complaint insofar as asserted against him. In an order dated January 31, 2022, the Supreme Court denied Schwebel's motion on the ground that there was "sufficient evidence" to establish that "the parties were clearly aware [that] the guaranty referred to the correct entity," Automotive Holdings, "despite the misnomer" in referencing Auto Enterprises. Schwebel appeals.
"A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law. In order for evidence to qualify as documentary, it must be unambiguous, authentic, and undeniable" (Lam v Weiss, 219 AD3d 713, 716 [citation and internal quotation marks omitted]). "To state a cause of action on a guaranty, a plaintiff must allege an underlying obligation, a guaranty, and the prime obligor's default in payment on the underlying obligation" (Green 333 Corp. v RNL Life Science, Inc., 186 AD3d 1334, 1335). In other words, a plaintiff may hold "a guarantor . . . liable upon the noncompliance of the principal obligor" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d 485, 495). "[A] guaranty is a contract, and in interpreting it we look first to the words the parties used. A guaranty must be read in the context of the loan agreement," particularly when "executed contemporaneously" (G3-Purves St., LLC v Thomson Purves, LLC, 101 AD3d 37, 40 [citation and internal quotation marks omitted]). Although a guaranty is "subject to the ordinary principles of contract construction" (Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A., "Rabobank Intl.," N.Y. Branch v Navarro, 25 NY3d at 492 [internal quotation marks omitted]), "[t]he terms of a guaranty are to be strictly construed, and a guarantor should not be found liable beyond the express terms of the guaranty" (Solco Plumbing Supply, Inc. v Hart, 123 AD3d 798, 800 [citation omitted]). "[A] guaranty is to be interpreted in the strictest manner, particularly in favor of a private guarantor" (Lo-Ho LLC v Batista, 62 AD3d 558, 559 [citation and internal quotation marks omitted]; see Chicago Tit. Ins. Co. v Brookwood Tit. Agency, LLC, 179 AD3d 887, 888). Moreover, "[a] guarantor's obligation cannot be altered without its consent" (White Rose Food v Saleh, 99 NY2d 589, 591).
Here, the documentary evidence submitted by Schwebel in support of his motion utterly refuted the factual allegations of the third-party complaint insofar as asserted against him. The guaranty itself refuted the allegations that Schwebel agreed to be personally liable to Kings for the debt owed by Automotive Holdings, since it provided that he agreed to be liable for any default by Auto Enterprises, not Automotive Holdings. The third-party complaint did not allege, for example, that Auto Enterprises was the alter ego or adopted name of Automotive Holdings (see 47 E. 34th St. [NY] L.P. v BridgeStreet Worldwide, Inc., 219 AD3d 1196, 1197, 1204; Civilized People, Inc. v Milk St. Café, Inc., 129 AD3d 761, 762), or that there was somehow an ambiguity as to whose obligations Schwebel agreed to guarantee (see Wider Consol., Inc. v Tony Melillo, LLC, 107 AD3d 883, 884-885).
Contrary to Kings's contention raised in its opposition papers, it failed to show that the guaranty "clearly" contained a misnomer, an assertion that was not set forth in its third-party complaint. Moreover, the "guaranty must be read in the context of the loan agreement" (G3-Purves St., LLC v Thomson Purves, LLC, 101 AD3d at 40). The promissory note expressly mentioned Auto Enterprises yet delineated Automotive Holdings—identified as "the undersigned"—as the promisor, indicating that the parties understood that Auto Enterprises and Automotive Holdings were two distinct entities. Kings also failed to submit any affidavits or other evidence in opposition to the motion that might have "demonstrated that [Automotive Holdings] was really intended by the parties to be the corporate entity described in the [guaranty]," not Auto Enterprises (Skyline Enters. of N.Y. Corp. v Amuram Realty Co., 288 AD2d 292, 293 [internal quotation marks omitted]; see Humble Oil & Ref. Co. v Jaybert Esso Serv. Sta., 30 AD2d 952, 952), instead submitting only the affirmation of an attorney (see Lehlev Betar, LLC v Soto Dev. Group, Inc., 131 AD3d 513, 514; Harris v Barbera, 96 AD3d 904, 905). The parties' pleadings also revealed that they entered into other agreements relating to this transaction, not contained in the record, yet Kings did not submit any such materials in opposition to Schwebel's motion.
For the same reasons, dismissal of the third-party complaint insofar as asserted against Schwebel pursuant to CPLR 3211(a)(7) was also warranted (see Angeli v Barket, 211 AD3d 896, 897-898; Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 831-832).
Accordingly, the Supreme Court should have granted Schwebel's motion pursuant to CPLR 3211(a) to dismiss the third-party complaint insofar as asserted against him.
DUFFY, J.P., FORD, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court